Patricia M. BRANSTETTER, Appellant,

v.

Bertram L. BRANSTETTER,
Respondent.

No. 32462.

Missouri Court of Appeals,
Western District.

July 20, 1982.

John E. Curran, Osage Beach, for appellant.

James F. Crews, Tipton, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This appeal arises from a judgment for dissolution of marriage. The appeal is dismissed.

Neither party questions the dissolution of the marriage. The parties filed of record a stipulation that the marriage is irretrievably broken and cannot be preserved. The appellant-wife challenges the decree as to the disposition of marital property.

Six points are presented and are summarized below, but by virtue of the disposition made herein, only points (1) and (2) are addressed and the merits of the remainder are neither reached nor disposed of by this opinion. In summary, appellant-wife alleges (1) the trial court erred in leaving the parties as tenants in common in all marital property, both real and personal, since there was no substantial evidence of a justifiable economic necessity for a tenancy in common; (2) the trial court erred in its failure to assess values upon the marital property; (3) although requested on the record, the trial court failed to issue its findings of fact and conclusions of law; (4) the trial court erred in granting respondent 50% of the marital property because the evidence revealed respondent's misconduct and appellant's greater need; (5) the trial court erred in failing to award appellant maintenance because the court erroneously applied the law under § 452.335, RSMo 1978; and (6) the award of attorneys fees was inadequate as against the weight of the evidence.

The record reveals that the parties were married on November 9, 1962 and that said marriage is registered in Cole County, Missouri. There was one child born of the marriage, Kelly Lynn, born June 19, 1963. The parties, prior to their separation, were married approximately 18 years and resided their entire married life in Barnett, Missouri, when on or about the first day of September 1, 1979, they separated. At the time of trial, appellant-wife was 36 years old and suffered from no physical or mental infirmities. At the time of trial, respondent was 37 years old, employed, and suffered from no physical or mental infirmities. The minor child born of the marriage was a healthy, normal child.

The record further reveals marital misconduct by respondent in his having admitted to an affair with another woman. Appellant-wife was not pregnant at the time of the trial and neither party is a member of the armed forces. Both parties have had at least one and one-half years of college education.

Trial was had upon all issues and a decree was entered. This appeal followed, respondent filed no brief, and argument was waived. This appeal must be dismissed

under the ruling of this court in the case of *Corder v. Corder*, 546 S.W.2d 798 (Mo.App. 1977) because said judgment entered herein is not final and hence not appealable. See also *Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo. App.1980) and *Davis v. Davis*, 544 S.W.2d 259 (Mo.App.1976).

The trial court, in the instant proceedings, entered its decree, enumerating both marital and nonmarital property and set off to the respective parties the properties not designated as marital. The decree then acknowledged an agreement by the parties and pursuant to said agreement, set off to the minor child a 1968 Buick Automobile and a Honda Motorcycle. Under the decree, the court then found the sum of $6,800 as cash marital property removed by appellant from a joint savings account to be the property of the appellant-wife as an offset against the sum of $4,125.63, a cash marital asset received by respondent as a refund from his employer's pension fund, and child support which respondent should have provided from July 1979 to June 1980.

The court then found that a 1976 pickup truck, all household goods, and personal effects found in the possession of respondent were marital property and set the same over to respondent as his sole property.

The court then found that the 1977 Ford Automobile, all household goods and personal effects in the possession of appellant-wife were marital property and set the same to her as her sole property. The court found six additional items to be marital property and in summary, these items were: (1) farming property containing 102 acres, more or less, located in Morgan County, Missouri; (2) real property consisting of Lots (1) and (2) in Block Eight (8), located in Barnett, Morgan County, Missouri; (3) a 1973 Yamaha Motorcycle; (4) an undivided ½ interest in all personal property belonging to Branstetter Brothers farm partnership, including, but not limited to, all cattle, swine, machinery, feed, grain, hay, and all other articles used in and owned by Branstetter Brothers farm partnership; (5) undivided ½ interest in any and all bank accounts belonging to Branstetter Brothers farm partnership; (6) the undivided ½ interest in the proceedings of any and all fields and any and all property owned by Branstetter Brothers farm partnership from October 3, 1979 to this date.

The court, as regards the foregoing six items of marital property, listed the parties under its decree as tenants in common to these properties. The decree does not set forth, nor does the record support any finding of, any economics involved which would justify leaving the foregoing items of marital property vested in the parties as tenants in common. The record does reveal that following the entry of judgment, appellant-wife filed a motion for new trial or in the alternative, to open judgment and enter a new judgment, and that the court amend the judgment to declare a federal income tax refund check in the sum of $1,181.55 to be marital property and set off ½ thereof to each party. Except for the amendment regarding the federal income tax refund, the alternative motion was overruled and in overruling the motion, the trial court declared, "No credible evidence was produced as to the value of said property that would have allowed the court to order the payment of money as a settlement of the property rights of one party and the transfer of property in kind as the settlement of the property rights of the other party; that, in view of the foregoing and the economics involved, the court was left with no alternative but to declare the parties to be tenants in common . . . ."

This court does not agree with the trial court's conclusion and its justification for leaving the parties as tenants in common. The reasons for the rule in *Corder*, as stated therein under § 452.330, is that division of marital property "seeks to effectively minimize the necessity for recourse to further litigation to completely sever all relations between the parties." (*Corder* at 804). It has been pointed out by way of appellant-wife's brief that pending this appeal, additional litigation between these parties in the form of partition suits is now before the circuit court of Morgan County, Missouri.

The evidence upon this record further shows that if they remain as tenants in common (as it concerns this property, especially the business property), no practical administration of these parties could occur. The record, as regards this proceeding, contains a substantial amount of evidence regarding the valuation of both real and personal property.

Section 452.330 mandates to the trial court the duties of dividing the marital property and unless there be an unusual call for "a tenancy in common relationship," (*Davis* at 264), the trial court would make such property division. The record does not support a finding of such unusual economic conditions which would otherwise support a tenancy in common.

The evidence shows, concerning the 102 acre farm and in addition to trial testimony, four written appraisals upon said property from the years 1973–1980, ranging in an assessment valuation from $40,000 to $80,-000. Trial testimony placed these valuations between $45,000 and $81,550. Concerning the lots in Barnett, Missouri (referred to as the bank building) there was evidence from which the trial court could have derived a value, and the testimony between the parties and an independent appraiser provided a value from $13,500 to $20,000. In addition, the record reveals values attributed to livestock, hay, machinery, equipment, and benefits from the farming operation from which the trial court could have determined the respective marital property rights of the parties.

Point (1) raised by appellant-wife is found to have merit.

Turning to point (2), there is no need to reiterate or restate the evidence which reflected the values of the marital property (see above) and it suffices to say that there was substantial evidence upon the record from which the trial court could have properly affixed values to the particular properties. The failure to assess values, supported by the evidence and by property distribution, did not culminate in a decree under § 452.330. *Wilhoit*, supra.

Point (2) presented by appellant-wife is found to have merit.

The appeal is dismissed.

All concur.