**In re the MARRIAGE OF Clarence Charles SLENKER and Kitty Helen Slenker.**

**Kitty Helen SLENKER, Appellant,**

v.

**Clarence Charles SLENKER, Respondent.**

**No. 13169.**

Missouri Court of Appeals, Southern District, Division One.

July 13, 1984.

David A. Yarger, Woolsey & Yarger, Versailles, for appellant.

W. Gary Drover, Camdenton, for respondent.

**PER CURIAM.**

Appellant Kitty Slenker appeals from a decree dissolving her marriage to respondent Clarence Slenker. The childless five-year marriage commenced in 1976. Both parties were then in their mid-40's and had been previously married. Appellant asserts that the trial court erred in improperly dividing the marital property and in failing to award her maintenance. Appellant also claims that the attorney's fee awarded her was inadequate.

■ This court has reviewed the record on appeal in light of the excellent briefs submitted by both sides. As stated in *Dardick v. Dardick*, 670 S.W.2d 865 (Mo. banc 1984), the division of marital property is consigned to the sound discretion of the trial court and this court must defer to the trial court's judgment unless it is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown, *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 62–64 (Mo. banc 1983).

*Dardick* also holds that where, as here, there was no request, under Rule 73.01(a)(2), for "findings on such controverted fact issues as have been specified by counsel," the trial court's division of the marital property will not be disturbed "merely because it lacks findings as to the value of the articles awarded in the dissolution decree so long as the trial court had before it proper evidence of value."

The trial court's division of the marital property and its denial of maintenance are supported by the record. The trial court did not abuse its discretion in awarding appellant only one-half of the attorney's fee requested.

No error of law appears and an extended opinion would have no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

All concur.