**In re the MARRIAGE OF Edwina DAVIS and Charles E. Davis.**

**Edwina Davis, Petitioner-Respondent,**

**and**

**Charles E. Davis, Appellant.**

**No. 13249.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 11, 1984.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 31, 1984.

Gary C. Lentz, Neosho, for petitioner-respondent.

Cobb Young, Joplin, for appellant.

**PER CURIAM:**

The parties were married in 1953 and at the time the judgment dissolving the marriage was rendered March 24, 1983, they had one unemancipated 17–year-old daughter who resided with her mother.

The wife instituted the dissolution action and she and the husband had not lived together for an extended period of time prior thereto. Both parties live in modest circumstances. During the marriage period the wife had worked in sales for about four years and in a garment factory for about a year. For the last eight years she has been employed nine months per year as a teacher's aide at a monthly take-home salary of $420.96. She is not paid for the three months she does not work. The husband suffered a stroke in June of 1973 and has been unemployed since that time. However, prior to the stroke the husband had not maintained steady employment. The husband now resides with his mother who assists him in paying his living expenses. At trial time the husband's only reported income was a monthly $278 Social Security check. Before the dissolution the wife received two monthly Social Security checks of $72 each—one for herself because of the husband's disability and one for her daughter because of the father's disability. No Social Security check because of the husband's disability is now received by the wife.

The marital property consisted of real estate valued at $27,500 which was subject to a lien of about $10,969.19. The real estate, a house, was originally purchased by the wife's mother and signed over to the parties herein. While the parties lived together, the house payments were made from joint funds; since then, the wife has made the payments. The trial court in its judgment awarded the wife the marital home and personal property valued at $2,294. The husband was awarded personal property worth $2,050 and $1,000 in cash. Neither party was awarded maintenance. The husband appealed and here

claims the court nisi abused its discretion by awarding the real estate outright to the wife and by not ordering the wife to pay maintenance to him.

We have reviewed the record on appeal and the fine briefs of the attorneys. Division of marital property is consigned to the sound discretion of the trial court and this tribunal must defer to the trial court's judgment unless it is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976) or an abuse of discretion is demonstrated, *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64[3] (Mo. banc 1983). In re *Marriage of Slenker*, 673 S.W.2d 846[1] (Mo.App.1984). The trial court's division of marital property and denial of maintenance to the husband are supported by the record. As no error of law appears and an extended opinion would have no precedential value, the judgment is affirmed in compliance with Rule 84.16(b), V.A.M.R.

All concur.