Frances J. WARNER, Appellant,

v.

Richard C. WARNER, Respondent.

No. 48293.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1985.

W. Scott Pollard, Florissant, for appellant.

Justin C. Cordonnier, St. Louis, for respondent.

CLEMENS, Senior Judge.

Wife Frances Warner sued husband Richard Warner to dissolve their 40-year marriage. She appeals from the decree's property and monetary provisions.

Wife here contends: The court erred in denying her a share of husband's military pension, erred in finding husband's inheritance from his father was personal rather than marital property, the division of marital property was unjust in view of the husband's marital misconduct and the court erred in declining her claim for her attorney's fees.

Marital background: Before husband's army retirement the parties lived luxuriously. Their home was worth $37,000 and was opulently furnished. They also owned a camper home, two passenger cars and two motorcycles. Husband had an array of weapons, cameras and electronic equipment; he had inherited a mass of personalty from his father. They also owned a 50-acre Illinois farm and a lot in Arizona.

■ Wife first argues she was entitled to a share of his $700 monthly army pension. (This was in addition to $183 a month for husband's permanent service-connected disability.) From this husband had assigned $400 monthly to credit unions to pay for home improvements and $140 monthly to repay a loan on the parties' Illinois farm. This left him $160 a month plus his $183 disability pay his only income. In contrast wife's monthly take-home pay was $470. Under federal law, 10 U.S.C. Section 1408(c)(1), a state court may treat retirement pay either as sole or marital property. *Sink v. Sink*, 669 S.W.2d 284[1] (Mo.App.

1984). In view of wife's having a home and greater earnings, and the homeless husband's unemployment, we hold the trial court did not err in failing to award her any of his retirement pay.

■ As noted, during the marriage husband by will had acquired a mass of property from his father. Wife here contends this was marital property under R.S.Mo. Section 452.330. That statute excepts property "acquired by gift, bequest, devise or descent." Wife argues that exception must be shown by clear and convincing evidence. Husband did so by documentary evidence. So, the statutory presumption was overcome, as held in *Allen v. Allen*, 637 S.W.2d 829[1, 2] (Mo.App.1982).

■ This brings us to wife's challenge to the division of marital property. In dividing this the wife acknowledges the court awarded her property worth $40,000 and awarded husband property worth $30,000. She contends this inadequately punished husband for his misconduct. We note that neither party was morally pure. At husband's request she had joined him at a "husband and wife incest club" and there she has sexual intercourse with other men. This off-set her claim of husband's other sexual misconduct, based on inconclusive circumstantial evidence.

■ Wife's last complaint is that the court erred in denying her an attorney fee. Two factors support the denial. First was testimony that the property awarded husband was not income-producing, and his only income was his meager retirement pay. In contrast, wife was fully employed. Second was that the wife twice declined to furnish the trial court's requested affidavits; these to support her non-existence contention as to some items awarded her. In a dissolution case the trial court has broad discretion in granting or denying attorney fees. *Gray v. Gray*, 649 S.W.2d 908[3] (Mo.App.1983). In view of the two factors cited above, the trial court did not abuse its discretion.

We find no reversible error in any of the wife's challenges.

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.