**Doris Jean O'NEAL,
Petitioner/Respondent,**

v.

**Joe Mack O'NEAL,
Respondent/Appellant.**

**No. 49010.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 17, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 21, 1986.

Jeffrey P. Hine, Oliver Oliver Waltz & Cook, Cape Girardeau, for respondent/appellant.

Edward E. Calvin, Calvin & Hendrix, Cape Girardeau, for petitioner/respondent.

DOWD, Presiding Judge.

Husband appeals from a dissolution of marriage decree entered by the trial court which dissolved a twenty-eight year marriage, divided and disposed of the parties' marital and non-marital property, awarded primary custody of minor child to wife, and awarded wife maintenance, child support, and attorney's fees. The judgment is affirmed.

The parties were married in 1956 and separated in 1983. The wife filed a petition seeking dissolution of the marriage in 1983. The husband denied that the marriage was irretrievably broken. The trial court found that the wife had been subjected to extensive verbal, psychological, and physical abuse by the husband during the course of the marriage. Therefore, the court found that the wife could not reasonably be expected to live with the husband and there was no likelihood that the marriage could be preserved. A decree dissolving the marriage was entered by the court.

There were two children born of the marriage, Vicki Jo O'Neal Hileman, now married and fully emancipated, and Bert Lamar O'Neal, a minor born February 10, 1965.

The wife worked at several jobs in the early years of the marriage to support the family and to put husband through college. After the birth of their first child, the wife ceased working outside of the home and became a full-time homemaker, keeping house and rearing the children. She resumed working outside the home on a part-

time basis in 1979 and on a full-time basis after the separation in 1983.

The wife has a net monthly income of $722.35 and no other income or income producing property. She suffers from scoliosis, a continuing health problem which prevents her from standing or sitting in any one position for long periods of time or doing any heavy lifting. As a result of the wife's lack of education and her continuing health problem, the court found that wife is unable to maintain the standard of living established during the twenty-eight (28) years of marriage. The court determined the wife's reasonable needs to be $1,500.00 per month.

The husband is employed by the Ford Motor Company and earns an average net monthly income of $2,158.22 plus income from property holdings. In addition, the husband is furnished a company owned automobile and is reimbursed approximately $10,000.00 per year for business expenses by the Ford Motor Company. The trial court determined that the husband needs $1,100.00 per month for his reasonable needs. His income was found to be sufficient to meet his needs and to aid the wife in her support and the support of the minor child.

The decree of dissolution of marriage awarded custody of the minor child to the wife and ordered the husband to pay $300.00 per month as child support until the child attains the age of twenty-one on February 10, 1986. The husband was also ordered to pay $500.00 per month for the support and maintenance of the wife. The court also ordered the husband to pay the wife's attorney $5,000.00 as partial payment of legal services rendered.

The trial court also set aside certain property as non-marital property and then divided the marital property. Finding the marital property to have a cumulative value of $128,888.76, the trial court divided the property as follows:

| Marital Property Distributed to Wife | Value |
| --- | --- |
| 1. Cape Girardeau home ($75,000 value less $44,159.90 mortgage) | $30,840.10 |
| 2. 1976 Mercury automobile | 2,000.00 |
| 3. IRA | 2,000.00 |
| 4. Retirement Plan (Doris O'Neal) | 1,569.38 |
| 5. Life Insurance Policies | 16,228.62 |
| 6. Ford Motor Company Stock, 120 shares | 4,200.00 |
| 7. U.S. Savings Bonds | 275.00 |
| 8. Bank Accounts | 1,452.00 |
| 9. Household goods | 3,092.50 |
| TOTAL | $61,657.60 |

| Marital Property Distributed to Husband | Value |
| --- | --- |
| 1. Fifty Acres; Madison County, Florida | $25,000.00 |
| 2. Forty Acres; Madison County, Florida | 20,000.00 |
| 3. IRA | 2,000.00 |
| 4. Ford Motor Company Stock, 120 Shares | 4,200.00 |
| 5. Retirement Plan (Joe O'Neal) | 13,371.16 |
| 6. Tools and household goods | 2,660.00 |
| TOTAL | $67,231.16 |

The trial court determined that the parties were no longer in possession of certain items of marital property. Specifically, a 1967 Ford Mustang valued at $5,750.00 and various guns valued at $1,150.00 had been sold by the husband. The 1967 Ford Mustang was sold for $500.00 and the various guns were sold for $100.00. The trial judge took into consideration the husband's conduct in the disposal of these items when he divided the marital property and awarded attorney's fees.

On appeal the husband contends that the trial court erred in (1) finding that a fifty-acre tract of land in Florida was marital property; (2) dividing the parties marital property; (3) awarding the wife support and maintenance; (4) awarding the wife attorney's fees; and (5) awarding primary custody of minor child to the wife.

The standard for appellate review in a court tried case requires this court to affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In addition, where there is a conflict in the evidence, we defer to the trial court's opportunity to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Trunko v.*

*Trunko,* 642 S.W.2d 673, 674–75 (Mo.App. 1982); *In re Marriage of Brewer,* 592 S.W.2d 529, 532 (Mo.App.1979). Within this limited scope of review, we now consider appellant's allegations of error.

Husband first contends that the trial court erred in finding that the fifty acre tract of land in Florida was marital property. He argues that although the fifty acre tract was conveyed by his mother and brother to both him and his wife jointly, the land was intended to be a gift for him alone. Therefore appellant argues that as a gift, the property should be exempt from marital property under § 452.330(2)(1) RSMo 1978.

■ In the absence of ambiguity, the language of the deed controls as to the intent of the grantor. However, Section 452.330.2 RSMo authorizes a court to look behind the deed of property acquired during marriage to determine if it was acquired by a method which would make the property exempt from division by the court. Thus, to overcome the language of the deed, the husband must show by clear and convincing evidence that the fifty-acre tract was intended for his title alone. *Forsythe v. Forsythe,* 558 S.W.2d 675, 678 (Mo.App. 1977).

■ In support of his position the husband argues that the grantors did not intend to confer any benefit upon the wife. He points out that his mother has retained a life estate on the property and his brother has a right of first refusal upon any subsequent sale of the property. These arguments are not persuasive. The retention of a life estate and the right of first refusal upon subsequent sale are not inconsistent with the intention to benefit both husband and wife. For example, the husband's mother would have wished to retain a life estate regardless of what party or parties she wanted to benefit with the conveyance. The brother's right to first refusal upon subsequent sale would in no way restrict the wife's enjoyment of the property and nor would his right in any way restrict the wife's rights to a share of the proceeds upon subsequent sale. These and the husband's other arguments do not provide clear and convincing evidence that the land was intended for his title alone. The husband's first point is denied.

Husband next contends that the trial court abused its discretion in dividing marital property for a number of reasons.

■ First, the husband argues that the trial court's evaluation of the fifty acre tract of land in Florida was against the overwhelming weight of the evidence. The wife introduced evidence in the form of a professional appraisal that the land was worth $75,000.00. The husband's only form of evidence was his testimony that the land was worth only $5,000.00 and that the wife's appraisal failed to take into account the life estate held by the husband's mother. Based on this evidence alone, we cannot find that the trial court's valuation of $25,000.00 was against the weight of the evidence. *Murphy v. Carron, supra.*

■ Second, the husband contends that the trial court abused its discretion by awarding all of the marketable assets to the wife. He argues that of the $67,000.00 worth of property distributed to the husband only $7,000.00 is presently marketable. The point is denied. The husband fails to present any evidence which indicates that the forty acre tract of land awarded to him is unmarketable. The trial court therefore has awarded him at least $27,000.00 worth of marketable property. Further, the trial court has a broad discretion to divide the marital property in such a way that protects the rights and best interests of the parties. *Lynch v. Lynch,* 665 S.W.2d 20, 23 (Mo.App.1983).

■ Next the husband argues that he should receive a greater percentage of the marital property because of his contribution as the sole provider during most of the marriage. Husband in effect urges this court to minimize the specific statutory direction to include "the contributions of a spouse as homemaker." § 452.330(1)(1) RSMo 1978. We find that the trial court properly considered the wife's contribu-

tions as a homemaker and we note that the wife also contributed as a wage earner both early in the marriage and more recently. There is no evidence that the trial court abused its discretion.

Finally, husband asserts that the trial court failed to properly consider the conduct of the parties during the marriage. Specifically, husband alleges that one instance of marital misconduct by the wife was highly significant and yet disregarded by the trial court. Further, the husband states that the trial court inequitably found that the husband psychologically and physically abused the wife. The trial court did consider the wife's incident of marital misconduct and found that it was not of significant consequence to the breakdown of the marriage. Because the resolution of this issue hinges on the conflicting testimony of each party, we defer to the trial court's superior opportunity to assess the credibility of the witnesses. *In re Marriage of Brewer, supra; Trunko v. Trunko, supra.* Husband's second point is denied.

Husband's third major contention is that the trial court erred in awarding wife $500.00 per month maintenance under § 452.335 RSMo 1978. The husband's basic argument is that the trial court has awarded wife marital property which she can easily sell to support herself. There is, however, no duty for a spouse to dispose of marital property before she is entitled to maintenance. *In re Marriage of Brewer,* 592 S.W.2d 529, 535 (Mo.App.1979). The evidence in this case showed that the wife did not have sufficient property to provide for her needs without soon disposing of the marital assets she received. On this evidence, the trial court did not abuse its discretion in the award of maintenance. Husband's third point on appeal denied.

Husband next contends that the trial court erred in awarding the wife attorney's fee. Again, appellant argues that wife had the financial ability to pay for her attorney's fees. Financial ability, however, is only one factor which the trial court should consider in the award of attorney's fees. § 452.335 RSMo 1978; *Kieffer v.*

*Kieffer,* 590 S.W.2d 915, 918 (Mo. banc 1979); *In re Marriage Brewer,* 592 S.W.2d 529, 536 (Mo.App.1979). While the trial court considered the wife's financial condition in the award of attorney's fee, it also noted the husband's conduct during the divorce proceeding and his disposal of certain marital property at well below its market value. There is no showing that the trial court abused its discretion in awarding wife attorney's fees. Husband fourth point on appeal is denied.

Finally, the husband asserts that the trial court erred in awarding custody of the minor son, age 20, to the wife. The husband asserts that this court should award him custody as a result of his testimony concerning his strong relationship with the son and the wife's marital misconduct. We will not disturb the trial court's ruling. There is a presumption in any award of custody that the trial court studied the evidence thoroughly and ordered that which was in the best interests of the child. *Fastnacht v. Fastnacht,* 616 S.W.2d 98, 100 (Mo.App.1981). The husband does nothing more than to ask this court to substitute its judgment for that of the trial court. Essentially, husband would have this court reverse the trial court on the basis of his subjective testimony. Here again, we must stress the trial court's superior opportunity to assess the credibility of the witnesses. Husband's fifth point is denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.