In re the MARRIAGE OF Nancy DeF-RATES and Walter James DeFrates.

Nancy DeFRATES, Petitioner-Appellant,

v.

Walter James DeFRATES, Respondent.

No. 14056.

Missouri Court of Appeals,
Southern District,
Division Two.

May 28, 1986.

Rehearing Denied June 13, 1986.

Loren R. Honecker, Springfield, for petitioner-appellant.

Charles R. Rhoades, Neosho, for respondent.

MAUS, Judge.

In this action the trial court dissolved the 17-year marriage of the parties. It set apart the non-marital property and divided the marital property. Primary custody of the 13-year-old child was awarded to the wife with child support of $250 per month. She was denied maintenance. She presents two points on appeal.

Each point is based upon a contention the judgment of the trial court is not supported by the evidence or is contrary to the evidence. In determining those points, this court must measure the evidence giving due deference to the trial court's opportunity to observe the witnesses, to assess their credibility and to weigh the intangibles of sincerity and character. *Minton v. Minton,* 639 S.W.2d 640 (Mo.App.1982). Where the trial court has made no express finding, this court will consider conflicting evidence to be resolved and facts found in accordance with the result reached. *In Re Marriage of Brewer,* 592 S.W.2d 529 (Mo.App. 1979).

The wife's first point is that the trial court erred in that the division of the marital property was erroneously weighted in favor of the husband and did not award the family home to the wife. That point must be considered under the general maxim that the trial court is vested with considerable discretion to divide the marital property and an appellate court should interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Dardick v. Dardick,* 670 S.W.2d 865 (Mo. banc 1984). Cf. *Smith v. Smith,* 702 S.W.2d 505 (Mo.App.1985).

The separate property and the marital property, with the values determined by the trial court, was set apart and divided as follows:

|  | Husband | Wife |
|---|---|---|
| Marital property | 119,175 | 118,100 |
| Indebtedness | 44,250 | 58,004 |
| Net Marital Property | $ 74,925 | $ 60,096 |
| Non-marital property | 0 | 11,790 |
| Total | $ 74,925 | $ 71,886 |

■ To support her first point, the wife states each statutory factor, but argues each factor upon a view of only the evidence that is favorable to her. For example, upon the basis of evidence favorable to her, she contends erroneous valuations in favor of the husband were used in dividing the marital property. However, there is substantial evidence supporting the valuations determined by the trial court. The trial court was entitled to determine the values based upon that evidence and did not err in doing so. *Dardick v. Dardick,* supra.

■ For another example, the wife argues that the trial court erroneously considered marital misconduct on the part of the wife. In spite of her denials, there was evidence to establish that the wife engaged in flagrant, protracted marital misconduct detrimental to the marital relationship and the financial interest of the parties. Contrary to her contention, marital misconduct may be considered in dividing marital property. *Gray v. Gray,* 654 S.W.2d 309 (Mo. App.1983), 40 A.L.R.4th 807 (1985).

Even further, the wife's argument does not take into account evidence of marital funds received by her in the final few months before she filed her petition for dissolution on March 28, 1984. It was undisputed that on March 10, 1984, she sold

as sole owner marital property from which the gross proceeds were $15,614.50, with a net of $12,655. She explained that she did not let the husband know of the sale because he would have wanted the money. Further, while the exact amounts and sources are not entirely clear, there was evidence the wife received substantial additional funds from marital property. For example, she acknowledged that from July to December, 1983, she received from sales and cash $32,000. There was also evidence that from July to December, 1983, she received checks representing marital funds in the following amounts: $17,000; $10,728; $2,000; $624 and $716. Still further, at one point in her testimony, somewhat in reconciliation of the amounts involved, she acknowledged that in addition to those checks she had received $45,000. Her accounting for these funds was nebulous and could have been properly discounted by the trial court.

As stated, it was for the trial court to resolve the conflicts in the evidence and to weigh all relevant factors considered in dividing the marital property. *Fields v. Fields*, 643 S.W.2d 611 (Mo.App. 1982). The trial court was charged with making a fair, not necessarily equal, division of the marital property. *Dardick v. Dardick*, supra; *Davis v. Davis*, 693 S.W.2d 879 (Mo.App.1985). Considering the marital funds which the trial could have found were appropriated by the wife, the evidence does not establish the husband acquired the greater portion of the marital property. Considering all relevant factors, the trial court's division was not so heavily weighted in favor of the husband as to constitute an abuse of discretion. See *Warner v. Warner*, 684 S.W.2d 946 (Mo. App.1985).

The wife's second point is that the trial court erred in not awarding maintenance. Again, she cites only evidence favorable to her contention. By the action of the trial court, she was awarded property valued at almost $72,000. There was also evidence that for a number of years she ran cattle and horses and conducted the farming operation and clerked at farm auctions. She was trained as a licensed practical nurse and operating room technologist. The denial of maintenance was supported by the evidence and was not erroneous. *In Re Marriage of Davis*, 680 S.W.2d 323 (Mo.App.1984). Cf. *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65 (Mo.App.1984).

Examination of the record convinces us that no error of law appears, the judgment is supported by substantial evidence and is not against the weight of the evidence. An extended opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.