Mary Agnes MOUND, Respondent,

v.

Kenneth Roy MOUND, Appellant.

No. 51751.

Missouri Court of Appeals,
Eastern District,
Division One.

March 24, 1987.

Edward J. Delworth, St. Louis, for appellant.

Janet F. Catalona, Catalona & Sherry, Clayton, for respondent.

CRIST, Judge.

Husband appeals from property distribution, maintenance award and award of attorney fees in dissolution decree. Consolidated on appeal is husband's appeal from the award to wife of additional attorney fees on appeal. We affirm.

The parties' marriage was dissolved after twenty-seven years and three children, one of whom was still a minor. Wife got custody of the minor child and husband was ordered to pay $250 per month in child support. Neither party appeals from the custody or child support provisions.

The court set aside to husband separate property consisting of (1) a tract of income-producing land valued at between $250,000 and $350,000, and (2) fourteen vehicles including mobile homes and several antiques. As his share of the marital property, the court awarded husband "all of the vehicles, equipment and inventory ... as well as the sole proprietorship of Mound City Hauling, his customer list, good will and intangibles." As her share of the marital property, wife was awarded the marital home including the household goods contained therein, a sixteen-acre tract adjoining the

home, and two insurance policies. The total value of wife's share of the marital property is between $55,000 and $70,000, depending on the valuation of the adjacent sixteen-acre tract. In addition wife was awarded $250 per month in maintenance and $1,391.25 for attorney fees.

All of husband's claims of error allege an abuse of trial court discretion. Husband, as appellant, bears the burden of proving the trial court's order is not supported by substantial evidence. *Salcedo v. Salcedo*, 693 S.W.2d 875, 878 [5] (Mo.App.1985). In reviewing the evidence we defer to the trial court's evaluation of witness credibility. *O'Neal v. O'Neal*, 703 S.W.2d 535, 537–38 (Mo.App.1985).

Husband argues the division of property is "grossly unequal." This assertion is based on his valuation of the assets of his trucking business at $10,000. There was evidence of higher values, including the values given in husband's property statement and federal income tax returns. The court could have found husband's trucking business to be worth as much as $70,000. The court is entitled to believe the higher values. *In re Marriage of DeFrates*, 711 S.W.2d 555, 556 [1] (Mo.App. 1986). The division of marital property must be fair but not necessarily equal. *Id.* at 557 [3]. Considering the value of husband's separate property and the evidence on the value of the marital property, the property division is supported by substantial evidence. *See Ware v. Ware*, 647 S.W.2d 582, 584 [7] (Mo.App.1983).

In opposing the award of maintenance husband argues that wife, age fifty-one at the time of dissolution and with an eighth grade education, was not in need of maintenance. His argument is based in part on the erroneous assertion that he was obligated to pay the remaining indebtedness on the marital home. There was evidence wife needed and husband could afford to pay maintenance. *In re Marriage of Souter*, 700 S.W.2d 545, 546 [2] (Mo.App. 1985).

Husband's better financial position also supports the awards of attorney fees

to wife. *Gonzalez v. Gonzalez*, 689 S.W.2d 383, 386 [6] (Mo.App.1985), and *Trapani v. Trapani*, 686 S.W.2d 877, 878–9 [4, 6, 7] (Mo.App.1985).

Judgment affirmed.

KELLY, P.J., and CARL R. GAERTNER, J., concur.