Samuel D. WASHINGTON, Plaintiff–Respondent,

v.

Annie Louise WASHINGTON, Defendant–Appellant.

No. 54643.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 17, 1989.

Daniel B. Chartrand, Clayton, for defendant-appellant.

Samuel D. Washington, pro se.

REINHARD, Judge.

Wife appeals from that portion of a dissolution decree dividing the marital property. We modify and affirm as modified.

Husband and wife were married in November 1958; they separated in September 1977. The case was heard on September 23, 1987, and the dissolution decree, which divided five items of marital property, was entered on December 15, 1987.

The first item of marital property was the marital home, which husband occupied after the parties separated. Evidence of the home's value ranged from $10,000 to $30,000. The purchase money mortgage was paid in full in 1979; however, there remained two tax liens totalling $1,600. The next item was the house wife purchased after the separation. The only evidence of its value was in wife's answers to interrogatories and financial statements, both of which the court took judicial notice. The fair market value was given as $23,000 and the balance on the mortgage was almost $22,000, leaving equity of approximately $1,000.

The remaining three items of marital property were the parties' various pension and/or profit sharing plans. Husband's pension was vested and matured. No evidence was presented as to its present value, but a letter from counsel representing the fund stated husband was entitled, as of the time of the hearing, to $700 per month. He was then 53 years old. Wife's pension required six more years before vesting, and there was no evidence of contributions made by wife, nor of the pension's value. The final item was a profit sharing plan paid to wife by her former employer when she was laid off in 1982. She testified she used some of the proceeds for living expenses and gave some to her husband to enable him to make repairs on the marital home.

The evidence suggests wife worked outside the house for 19 years of the marriage and was a homemaker during the remaining period. The parties raised four sons, two of whom are deceased and two of whom are emancipated. Wife was earning approximately $18,000 per year at the time of the hearing; husband was earning $22,360.

Husband testified he had no personal debts. His financial statement showed monthly car payments of $234 on a 1985 balance of $3650. Wife's financial statement showed debts in 1985 totalling approximately $5,000. At the hearing, she testified she was facing $5,000 in dental expenses.

At the time of the hearing, one of the parties' sons was living in the rental portion of the marital home, and there was no evidence the property was generating income.

The parties claimed no separate property, and there was no evidence of marital misconduct.

In its decree, the court made no findings as to the values of the various items of marital property. The court awarded husband the marital home along with his company pension; and awarded wife the profit sharing proceeds received in 1982, her company pension, and the home she purchased after the separation. Our review is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Wife argues that the division of property is inequitable. We agree. The award to husband of the marital home and his pension disproportionately favored husband. This inequity is not justified by either the law or the evidence presented, thus it is incumbent on us to enter the award which the trial court should have entered. *Turley v. Turley*, 640 S.W.2d 473, 475 (Mo. App.1982). We modify the decree so as to award wife a one-half (½) interest as tenant in common in the marital home, located at 5115 Wabada, St. Louis City. While the issue of allowing parties to remain as tenants in common has been the subject of

considerable debate, we approved of the practice in *Murray v. Murray*, 614 S.W.2d 554 (Mo.App.1981). Here, there are two separate tracts of real estate susceptible of an in kind division, but the only property with significant equity is the property awarded to husband. Furthermore, the economics involved, especially the fact that neither party has sufficient funds to purchase the other's interest in the property, support an allocation as tenants in common.

AFFIRMED AS MODIFIED.

CRANDALL, P.J., and CRIST, J., concur.