**Clara E. LANCE, Appellant,**

v.

**Charles W. LANCE, Respondent.**

**Nos. WD 54101, WD 54234.**

Missouri Court of Appeals,
Western District.

Nov. 17, 1998.

Jean A. Wells, Kansas City, Missouri, for appellant.

Marcia J. Lamkin, Overland Park, Kansas, Paul Mudd, Independence, Missouri, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and RIEDERER, JJ.

ELLIS, Judge.

Clara E. Lance (Wife) appeals from a Judgment of the Circuit Court of Jackson County dissolving her marriage to Charles W. Lance (Husband).

Husband and Wife married each other for the second time on July 6, 1983 in Kansas City, Missouri. The parties separated on or about April 18, 1995. Wife subsequently filed a Petition for Dissolution of Marriage in the Circuit Court of Jackson County on April 20, 1995. On June 15, 1995, Husband filed a Counter–Petition for Dissolution of Marriage.

The Lances' children were emancipated at the time of dissolution of the second marriage. Thus, there were only property issues to be decided in the dissolution. When the parties married the second time, Wife owned a fifteen-acre parcel of land located at 8409 South Hillside School Road in Oak Grove, Jackson County, Missouri. This property contained a residential trailer which the couple used as the marital residence. Husband owned a seven-acre parcel of land with a four-room concrete house. During the marriage, Husband sold this property for $20,-000, part of which the couple used to improve the marital residence. There was a mortgage of $50,000 on the marital residence in Wife's name, which the couple refinanced twice, with part of the equity spent on the family business. One year prior to separation, Wife added Husband's name to the mortgage at the request of the mortgagee, resulting in a joint title held by the parties. At the time of trial, the value of the property was between $92,500 and $103,000, subject to a mortgage of $43,680.14.

Also at the time of the marriage, Husband operated a used car lot known as Lance Auto Investments in Bates City, Lafayette County, Missouri. The business was owned jointly by Husband and Wife, although Husband alone operated the business throughout the course of their marriage.[1] According to Wife's Statement of Marital and Non–Marital Assets and Debts, the value of the vehicles owned by Lance Auto Investments totaled $137,800 at the time of trial.

The case was tried to the court beginning on October 22, 1996. The trial court rendered its Judgment and Decree of Dissolution of Marriage on December 10, 1996. The court ordered the marital property relevant to this appeal be divided as follows: (1) Wife to be the sole and separate owner of the real estate located at 8409 South Hillside School Road, Oak Grove, Missouri, and responsible for the mortgage on the property; and (2) the business owned and operated as Lance Auto Investments and all the assets thereof to be marital assets, equally divided between Wife and Husband. Because the court found it impossible to identify specific motor vehicles possessed by Lance Auto Investments, it awarded 50% of the value of the vehicles in three identifiable categories to each party as their sole and separate property in satisfaction of (2) above.

---

1. Wife is currently disabled and receives Social Security benefits, although she previously worked for 25 years at a grocery market. Husband worked at the same market for 10 years as a janitor. Their combined income from these two jobs paid the household expenses. Wife testified that no income from Lance Auto Investments contributed to the household income.

On January 8, 1997, Wife filed a Motion for New Trial or in the Alternative Motion to Reconsider and Amend Judgment and Suggestions in support. Husband filed a counter-motion for new trial January 9, 1997. The circuit court overruled both the motion and counter-motion for new trial on March 4, 1997. Wife brings two points on appeal, and Husband raises four in his cross appeal.

In reviewing this court tried case, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it is an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment and disregard all contrary evidence and inferences. *Sinclair v. Sinclair*, 837 S.W.2d 355, 357 (Mo.App. W.D. 1992).

In her first point, Wife asserts the trial court erroneously applied the law by failing to include a legal description of the marital residence awarded to her. In the dissolution order, the trial court awarded Wife "the real estate located at 8409 South Hillside School Road, Oak Grove, Missouri." Wife claims this description was insufficient to allow her to record the judgment. Husband concedes that the court erred in failing to set forth the legal description of the real estate.

▄▄▄ A court must include a complete legal description of real estate awarded in a dissolution proceeding. *Marriage of Swofford*, 837 S.W.2d 560 (Mo.App. S.D.1992); *Halbrook v. Halbrook*, 740 S.W.2d 687, 690 (Mo.App. S.D.1987); *Fields v. Fields*, 584 S.W.2d 163, 167 (Mo.App. W.D.1979). In *Fields*, this court stated:

> Where real estate is affected by a dissolution decree either by setting apart nonmarital property and thereby extinguishing one spouse's claim through the marriage relationship or by division of marital property as equivalent to conveyance, full legal descriptions must be included in the

judgment. Such is necessary to the end that Section 452.330–5 ... requiring filing of the decree in the office of recorder of deeds be effective in dispelling future questions as to land titles.

*Id.*[2] The parties agree that the description contained in the judgment is not a proper legal description of the real estate. The trial court erred as a matter of law by failing to set forth the legal description of the marital residence awarded to Wife in its Judgment and Decree of Dissolution of Marriage. *Fields*, 584 S.W.2d at 167.

While conceding that the trial court should have included the legal description of the real estate in the judgment, in his first point on cross appeal, Husband argues, nevertheless, that the overriding error was the trial court's award of all marital real estate to Wife.

▄▄▄ The trial court has substantial discretion in dividing marital property. *Stratman v. Stratman*, 948 S.W.2d 230, 237 (Mo. App. W.D.1997). Once the trial court determines property is marital in character, the court's division of that property is not subject to either the source of funds rule or the transmutation rule. *Woolridge v. Woolridge*, 915 S.W.2d 372 (Mo.App. W.D.1996). We will interfere with the trial court's determination only if the division of property is so heavily weighted in favor of one party as to amount to an abuse of discretion. *Id.* at 376 (*citing Dodson v. Dodson*, 855 S.W.2d 383, 385 (Mo.App. W.D.1993)). "In dividing marital property, the trial court is vested with great flexibility and far reaching power, and no specific formula exists respecting the weight to be given to the factors required to be considered under § 452.330. *Id.*"

Section 452.330 governs division of marital property. It provides in pertinent part:

> In a proceeding for dissolution of the marriage ... the court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including (1)[t]he

2. The *Fields* decision refers to the 1973 version of RSMo. The current section is § 452.330(6). It provides that any court decree affecting real estate may be filed by the court clerk in the office

of the recorder of deeds of the county and state in which the real estate is located.

All further statutory references are to RSMo 1994 unless otherwise noted.

economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; (2)[t]he contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; (3)[t]he value of the nonmarital property set apart to each spouse; (4)[t]he conduct of the parties during the marriage; and (5)[c]ustodial arrangements for minor children.

§ 452.330.1 (emphasis added).

■ The trial court acknowledged the transmutation of real estate, finding that "[a]lthough the property was converted from [Wife's] non-marital property to marital property during the period of the marriage, an equitable division of the marital estate requires said property to be set aside to [Wife]." Wife received the real estate in the parties' first divorce, and only added her husband's name to the title at the request of the lending institution shortly before their current separation. A portion of the funds obtained through refinancing of the mortgage went to purchase vehicles for the auto business. Husband has not contributed to payment of the mortgage since the separation. There is no evidence in the record that the court failed to consider the factors of § 452.330.1 in making its determination, including Husband's claimed monetary and "sweat equity" contributions to the property and his lack of marital misconduct. *Crews v. Crews*, 949 S.W.2d 659, 665 (Mo.App. W.D. 1997). The statute does not require a formal opinion of grounds for decision, *Hopkins v. Hopkins*, 597 S.W.2d 702, 709–10 (Mo.App. W.D.1980), nor does it require that property division be equal. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984). The trial court may place any amount of weight it deems appropriate to the statutory factors. *Crews*, 949 S.W.2d at 665. We presume the trial court considered all factors under

§ 452.330 and that the division is proper. *Id.* The trial court did not abuse its discretion in awarding the marital real estate to Wife.

■ In her second point on appeal, Wife contends that the trial court erred when it made Husband and Wife tenants in common of the marital business. She argues that the judgment is too vague for execution, it leaves Wife unable to realize her share of the business, and punishes Wife while rewarding Husband for his misconduct in failing to provide adequate documentation to the court and attempting to hide assets. In his cross-appeal, Husband agrees that the trial court's decree was vague and ambiguous and that the business property should be divided, but contends that equal division of the business assets would unfairly burden him with liability for expenses. Husband argues that Wife should receive an "expense allowance" for her share of the cars owned by Husband individually or in "his business."

The parties agree that during the marriage Lance Auto Investments was owned by both Husband and Wife in equal shares, although the type of tenancy was never specified in the record. At the time of the divorce, the parties agreed the business assets should be split equally. Although Wife was one-half owner of the business, Husband testified that Wife was "as involved in the business as [he] would let her be." Until their separation, Wife was unaware of many of Husband's business practices, including the fact that Husband took out loans to purchase cars for the business. On occasion, Wife borrowed money against credit cards or through finance companies, part of which was used by Husband for unspecified business purchases. At the time of trial, Wife asserted that the value of a total of between 91 and 134 vehicles owned by the business was $137,800.[3] Wife arrived at this figure through security agreements with Commercial Bank of Oak Grove, which loaned money to Lance Auto Investments from 1990 to 1993. Of that inventory, she requested the court award

---

3. The record periodically refers to two lists of vehicles. The trial court declined to address the discrepancy. A total of 224 vehicle titles were found at the business by Wife. Husband claimed the vehicles had been "scrapped," but that he did not document same by forwarding the titles to the state. Sales of vehicles were frequently not documented on the business' annual dealer reports to the state.

specific vehicles to her, with the intent to sell the vehicles to pay marital debts. She indicated that Husband had not contributed to the marital debts since their separation, nor had he made any payment on debts which he admitted were incurred for the business. Wife testified that she did not believe Husband would pay any marital debts and would not give her money with which to pay them.

Husband argued that the vehicles listed by Wife in support of her claimed portion of the business were valued at a total of $117,000, and most were no longer owned by the business at the time of the separation. He claimed the business owned $25,755 in inventory, with only six salable vehicles. Wife attempted to have the business inventory appraised, but when the appraiser arrived at the car lot, Husband asserted that only four vehicles belonging to the business were there. Husband told the appraiser that other vehicles were "on consignment," and not owned by the business. Wife was unable to obtain appraisals on any of the vehicles listed in the security agreements, even though the dealer records did not reflect that the vehicles had been sold. Consequently, Husband's valuation of the four identified vehicles was used by Wife in her request to the court for division of property.

In its decree, the trial court stated:

That after considering all relevant and statutory factors the marital property should be divided as follows:

\* \* \*

The Court finds from the evidence that there are irreconcilable conflicts not only as to the status of various items of property as marital and non marital but also as to the existence of a substantial number of items, in particular motor vehicles. Much of the controversy in evidence has resulted from the Respondent's sloppy and unintelligible record keeping, a lack of candor on his part, both during discovery and during his testimony at trial.

As a result of the foregoing the Court finds that the business owned and operated as Lance Auto Investments and all of the assets thereof are marital property and should be divided equally between the parties. The Court recognizes that as a result of the unorthodox, manipulative and deceptive, if not illegal manner of dealing with titled vehicles on the part of the Respondent there may be assets which were impossible of identification in the evidence presented in this case and there may be additional assets that did not exist at the time evidence was presented in this case.

Therefore, the Court finds that it is impossible to specifically adjudicate specific motor vehicles due to an absence of evidence regarding title or VIN number. Nevertheless, vehicles in any three of the following identifiable categories are found to be assets of Lance Auto Investment [sic], 50% of the value of which is awarded to each of the parties as their sole and separate property.

A) any vehicle in the actual physical possession of the Respondent for whom there is no third party with a claim of ownership and valid Missouri vehicle title.

B) any vehicle whose ownership is registered with the State of Missouri under Chapter 301 of the Revised Statutes of Missouri as owned by Lance Auto Investments or Charles W. Lance.

C) any motor vehicles for which Charles W. Lance or Lance Auto Investments holds a[sic] "open title" meaning a title which has been delivered to Charles W. Lance or Lance Auto Investments by virtue of sale or transfer but which the Lance Auto Investments or Charles W. Lance has not caused to be transferred through the Missouri Director of Revenue under Chapter 301 of the Revised Statutes of Missouri.

We appreciate the trial court's difficulty arising from Wife's lack of access to business records, as well as Husband's unscrupulous methods of recordkeeping and claimed inability to remember various aspects of how he conducted business. The trial record reflects that Husband vastly under-reported the amounts he received from sales of vehicles, provided inflated documentation of amounts

he paid for vehicles, and on at least one occasion signed his wife's name on a vehicle title. Husband admitted listing vehicles he did not own as security for bank loans.

 The trial court has discretion in dividing marital property, and this court will not interfere with the award unless it is so heavily or unduly weighted in favor of one party that it constitutes an abuse of discretion. *In re Marriage of Silcox*, 950 S.W.2d 684, 685 (Mo.App. S.D.1997). Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances or so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *In re Marriage of Jennings*, 910 S.W.2d 760, 765 (Mo.App. S.D. 1995). The order is presumed to be correct and the party challenging the order has the burden of proving otherwise. *Kettler v. Kettler*, 884 S.W.2d 729, 731 (Mo.App. E.D.1994).

 As a general rule, Missouri courts have expressed reluctance to leave marital property vested in the parties as tenants in common absent a compelling reason. *Mehrle v. Mehrle*, 813 S.W.2d 886, 889 (Mo.App. S.D.1991) (citations omitted). "[A] tenancy in common solution should be reserved for the unusual situation where the economics involved call for such a solution." *Id.* (*quoting Davis v. Davis*, 544 S.W.2d 259, 264 (Mo.App. W.D.1976)).

 Nevertheless, courts have held that a tenancy in common may be created when economic circumstances or the nature of property warrant that it not be divided. Sufficient economic justification has been found where neither party has available funds to buy out the other's interest in the property. *Mehrle*, 813 S.W.2d at 889; *Washington v. Washington*, 763 S.W.2d 714, 716 (Mo.App. E.D.1989). A tenancy in common may also be applied to property which is not "susceptible to division in kind." *Murray v. Murray*, 614 S.W.2d 554, 555 (Mo.App. E.D. 1981) (*citing Davis*, 544 S.W.2d at 264). The record must support the court's reasons for leaving property in a tenancy in common to avoid reversal. *See Reeves v. Reeves*, 768 S.W.2d 649, 652 (Mo.App. S.D.1989); *Murray*, 614 S.W.2d at 556. However, the court

may not merely find that it had insufficient evidence to divide the property as support for leaving the property as a tenancy in common. *Branstetter v. Branstetter*, 637 S.W.2d 347, 349 (Mo.App. W.D.1982). As long as the record reflects substantial evidence as to valuation of the property, it must be divided. *Id.*

The facts in *Branstetter* are similar to those in the case at bar. In that case, marital property included a farm partnership including equipment, farming property, and partnership bank accounts. In decreeing that the parties should be tenants in common of these properties, the *Branstetter* trial court stated:

> No credible evidence was produced as to the value of said property that would have allowed the court to order the payment of money as a settlement of the property rights of one party and the transfer of property in kind as the settlement of the property rights of the other party; that, in view of the foregoing and the economics involved, the court was left with no alternative but to declare the parties to be tenants in common ...

*Id.* at 349. On appeal, this court rejected the trial court's rationale, and remanded the case for determination of values and division of the property. In doing so, we noted that the general rule mandating division of marital property under § 452.330 "seeks to effectively minimize the necessity for recourse to further litigation [such as partition actions] to completely sever all relations between the parties." *Id.* (*quoting Corder v. Corder*, 546 S.W.2d 798, 804 (Mo.App. W.D.1977)).

 The *Branstetter* court's reasoning aptly applies to the case at bar. The trial court's inability to place a value on the business property does not fall within the narrow exceptions to the general rule carved out in *Mehrle* and *Murray*. The fact that Husband kept incomplete or inadequate records of inventory and avoided disclosure of business assets both during discovery and trial is not an economic condition such as one party's inability to pay the other party for his/her interest. *Mehrle*, 813 S.W.2d at 889. The nature of the used car business is not such that it is not susceptible to division in kind.

*Murray,* 614 S.W.2d at 555. The trial court was free to believe or disbelieve all, part, or none of the testimony of any witness. *Holt v. Holt,* 976 S.W.2d 25, 27 (Mo.App.W.D. 1998) (*citing T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989)). Wife provided considerable documentation as to the content and value of the business inventory, which could have been used by the court. Further, regardless of the court's difficulty with Husband's *past* record-keeping or business practices, it was within the trial court's power to order partition and sale of the business *at the time of trial.* The date of valuation of marital property is the date of trial. *Taylor v. Taylor,* 736 S.W.2d 388, 391 (Mo. banc 1987).

The intent of the rule favoring permanent division of marital property is to avoid lingering conflict and any need for further recourse. *Branstetter,* 637 S.W.2d at 349. Husband admitted to signing his wife's name on a vehicle title in the past, and to not allowing her access to the business of which she was a half owner. Wife should not be left in the position of having to resort to self-help in order to realize her portion of the business. Since we must remand the case to the trial court to correct the description of the marital real estate, we likewise remand with directions that the trial court make a more definitive and ascertainable division of the business marital property.[4]

In this regard, we find no basis for Husband's assertion, in point two of his cross appeal, that a 50% split of the business would unfairly burden him with liens, repair expenses, and costs of sale. Husband provided no support for this contention, and in fact went to great lengths to avoid documentation of his business expenses. The parties are responsible for presenting evidence upon which the court may make its ruling. *Hopkins,* 597 S.W.2d at 707. In the absence of credible or decipherable information from Husband, the court was within its discretion to order the business assets to be split equally.

In Husband's third point, he contends the trial court erred when it failed to award him three life insurance policies and failed to recognize his financial contributions to marital personal property. In dividing the marital property, the trial court set over to Wife three life insurance policies with a cash value of $14,738. Although controverted by Husband, there was evidence that Wife originally purchased the policies and paid the premiums on them, by payroll deduction and otherwise, until the separation. In addition, the court set over to each party long lists of household goods and other personal property.

Section 452.330 does not require the division of property to be equal, only fair and equitable. *Crews v. Crews,* 949 S.W.2d 659, 664 (Mo.App. W.D.1997). Husband incorrectly asserts that the trial court is required to place a value on property set aside to each spouse. *See Dardick,* 670 S.W.2d at 868. Further, Husband indirectly alludes to the fact that, since Wife is disabled and receives Social Security disability benefits, Husband made a greater contribution to the marital assets by operating the marital business.

The trial court must consider contributions of both spouses to the marital assets, including those made by spouses who are homemakers. *Crews,* 949 S.W.2d at 665 (*citing O'Neal v. O'Neal,* 703 S.W.2d 535, 538 (Mo.App. E.D.1985)). The court is permitted to place considerable weight on Wife's contributions if deemed appropriate. *Id.* Husband provided no evidence that Wife did not contribute to the marital assets. By his own testimony, he would not allow her to be involved in the auto business. In fact, Wife worked for 25 years before her disability and paid the premiums on the life insurance policies from her own income until their separation. Further, the trial court was free to believe testimony of either party regarding ownership of personal property. *Ritter v.*

---

4. In this court, Wife takes the position that she would be satisfied with a division of the marital business which would set over to her six specifically identified vehicles, valued at $38,000, and award all other business assets to Husband. She asks that we amend the judgment accordingly or, in the alternative, that we remand to the trial court with directions that it do so. While this may be an appropriate and fair division, we nevertheless leave the identification, valuation and division of the assets to the sound discretion of the trial court.

*Ritter,* 920 S.W.2d 151, 159 (Mo.App. W.D. 1996). At trial, it was determined that Husband failed to disclose items of personal property which he had acquired during the marriage, such as a Rolex watch and a trailer. In addition, many items which Husband listed as marital property were asserted by Wife to be gifts to her from her friends and children. Apparently the trial court determined that fairness dictated Wife receive such property. When fairly dividing property, the court is not required to assure an equal distribution. *See Morris v. Morris,* 951 S.W.2d 739, 741 (Mo.App. W.D.1997). We defer to the trial court's determination of fairness and find no abuse of discretion in the award of insurance policies or personal property.

■ In the final point of his cross appeal, Husband claims he should not be ordered to pay $7500 of Wife's attorney's fees. He argues that the circuit court acted in a "manifestly unjust" manner by awarding Wife most of the marital property and attorney's fees.

■ When awarding attorney's fees, the trial court is considered an expert. *Dominion Home Owners Ass'n, Inc. v. Martin,* 953 S.W.2d 178, 182 (Mo.App. W.D.1997). In a dissolution proceeding, the trial court has considerable discretion to award attorney's fees. *Meierer v. Meierer,* 876 S.W.2d 36, 38 (Mo.App. W.D.1994); *Calman v. Calman,* 796 S.W.2d 65, 68 (Mo.App. E.D.1990). Unless the trial court commits a manifest abuse of discretion, the award of attorney fees in a dissolution proceeding will not be disturbed on appeal. *Meierer,* 876 S.W.2d at 38; *Meservey v. Meservey,* 841 S.W.2d 240, 248 (Mo. App. W.D.1992). In order to establish an abuse of discretion, the complaining party must prove the order awarding attorney's fees is "against the logic of the circumstances and is arbitrary and unreasonable." *Kovacs v. Kovacs,* 869 S.W.2d 789, 794 (Mo.App. W.D.1994); *Mistler v. Mistler,* 816 S.W.2d 241, 256 (Mo.App. S.D.1991).

The evidence in this case supports the award of attorney's fees to Wife. Husband fails to provide reasons why the trial court's order is manifestly unjust. Although Wife received much of the marital property in the dissolution order, she was also held responsible for $56,488 of marital debt. Husband's lack of honesty about the value of his assets and expenses significantly increased the difficulty of resolving the factual issues of the case. The award of attorney's fees to wife under the circumstances of this case is clearly justified, and most certainly not a manifest abuse of discretion.

The judgment is reversed and the cause is remanded to the trial court with directions to (a) set out the full legal description of the real estate being set over to Wife, and (b) determine the value of the marital business and make a definitive and ascertainable division of the marital business property. In all other respects, the judgment of the trial court is affirmed.

All concur.