Gary GIVENS, Appellant,

v.

Patricia GIVENS, Respondent.

No. 41574.

Missouri Court of Appeals, Eastern District, Division Three.

April 8, 1980.

Donald V. Nangle, Clayton, for appellant.

Larry W. Glenn, St. Louis, for respondent.

REINHARD, Judge.

Husband appeals from a decree dissolving his childless ten year marriage. On appeal, husband contends that the court abused its discretion in awarding wife the marital home, and that the court erred in retaining jurisdiction over the issue of maintenance for wife.

In its decree, the court specifically found that the husband had engaged in acts of marital misconduct by having sexual intercourse with another woman and that this misconduct led to the breakdown of the marriage. The court further found that husband's testimony was not believable or credible. The court awarded wife the 1971 Chevrolet Malibu motor vehicle, furniture not specifically given to husband, her diamonds and jewelry, cash, and the marital home. It awarded to husband the 1975 Chevrolet Blazer motor vehicle, guns and sporting equipment, furniture from the guest bedroom, the rathskeller furniture including the bar and its accessories, life insurance policies and any cash he had in his possession. The court further ordered the parties to pay various debts and to hold the other party harmless.

Husband's sole complaint about the division of the marital property concerns the court's award of the marital home to wife.[1] Husband valued the house at $60,000.00; wife valued it between $40,000.00 to $55,000.00. A mortgage in the amount approximately $5,500.00 encumbered the property.

The trial court has discretion in the division of marital property and a just

---

1. All other property was divided in accordance with the desires of the parties.

division does not have to be equal, particularly where one party has engaged in misconduct. *Arp v. Arp*, 572 S.W.2d 232, 235 (Mo.App.1978). Among the factors to be considered by the court in distributing the marital property is the conduct of the parties during the marriage. § 452.330.1(4) RSMo.1978. While marital misconduct may serve as a basis for the court in dividing the marital property, it "should not serve as a basis for ordering excessive maintenance against, or inadequate marital property to, the offending spouse." *Burtscher v. Burtscher*, 563 S.W.2d 526, 527 (Mo.App. 1978). Our review of the record here convinces us that the court did not abuse its discretion in awarding the marital home to wife. We believe the court's finding of sexual misconduct by husband was supported by the evidence. The wife testified that husband told her his "friend" was pregnant and he was not sure whether he was the father. Although the court did not make specific findings as to values of the marital property there was ample evidence of values upon which the court could make its determination.

Husband next contends that the trial court erred in retaining jurisdiction over the issue of maintenance because there was no evidence supporting such an award.

Section 452.335 RSMo.1978 sets forth the guiding standards for the court in making an award of maintenance. The court is permitted to award maintenance if it finds that the spouse seeking maintenance: "(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; *and* (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." § 452.335 RSMo.1978 (emphasis added).

Husband's gross salary was $14,000.00, wife $9,900.00. Wife testified that her annual expenses, including mortgage payments on the marital home, were $3,911.00. Wife indicated on redirect that she could live on what she earned. She did, however, request that the court retain jurisdiction over the issue of maintenance.

■ Viewing the evidence in light of the standards of § 452.335.1, we agree that there was no basis for a present award of maintenance to wife. While the marital property awarded wife was non-income producing, the evidence supports husband's claim that wife was able to support herself through proper employment. Wife had worked during the entire period of the marriage and by her own admission could presently support herself.

■ Wife argues that the court properly retained jurisdiction over the issue of maintenance. We do not agree. We find no cases under the new dissolution act other than *McBane v. McBane*, 553 S.W.2d 521 (Mo.App.1977) and *Abney v. Abney*, 575 S.W.2d 842 (Mo.App.1978) which would lend any support to the retention of jurisdiction in a case where a spouse was sufficiently supporting herself at the time of the dissolution. Both *McBane* and *Abney* involved possible medical or health disabilities to the spouse seeking maintenance. In *McBane* the court stated:

> Where . . . the evidence shows a physical condition existing at the time of the marriage dissolution which has a substantial potentiality for disabling the wife from remaining self-supporting, fairness to the wife requires that her existing physical condition be taken into account. It would be impractical to undertake to try to reduce the future possibilities to a present dollar allowance. It is, however, completely feasible for the trial court to retain jurisdiction and let the matter abide for future developments.

553 S.W.2d at 524. In expounding on *McBane*, we said in *Abney* that "the *McBane* extension of the considerations for maintenance becomes applicable only when the potential for future inability to work is established by evidence exceeding mere guesswork or speculation. Mere suppositions of future inability to work are not adequate." 575 S.W.2d at 844.

Wife does not claim that she suffers from any disabling medical condition which will prevent her from remaining self supporting.[2] She nevertheless argues citing *Carrell v. Carrell*, 503 S.W.2d 48, 51–52 (Mo. App.1973) that the court may retain jurisdiction, without making a present award of maintenance, by simply expressing clearly in its order that it intends to retain jurisdiction.[3] While we agree with wife that the court need not make a nominal award of maintenance to retain jurisdiction as had been the practice under the old law, *see Smith v. Smith*, 350 Mo. 104, 164 S.W.2d 921 (1942), the trial court does not have unbridled discretion to retain jurisdiction over the maintenance issue. Prior to the new dissolution act, many courts allowed an one dollar award in order to retain jurisdiction of alimony; however, such a practice is not in accord with the philosophy and spirit of the new dissolution of marriage act. The retention of jurisdiction over the issue of maintenance lends itself to the creation of further disputes between the parties and subjects their lives to the uncertainties and unpredictabilities of future events. Here, the evidence justifying the retention does not even reach the level of guesswork and speculation and therefore cannot stand.

The judgment is modified deleting therefrom that portion of the decree retaining jurisdiction over maintenance to the wife. In all other respects the judgment is affirmed.

DOWD, P. J., and CRIST, J., concur.

---

2. Wife did indicate during *recross* that she had palpitations of the heart. She made no claim to the trial court or to us that this was the basis for her request for maintenance. In fact, her brief does not mention this evidence.

3. *Carrell v. Carrell*, 503 S.W.2d 48, 51–52 (Mo. App.1973) involves a modification proceeding and not an original dissolution proceeding wherein the trial court must make a threshold determination as to maintenance. *See also Bellamy v. Bellamy*, 572 S.W.2d 220 (Mo.App. 1978) (modification under the new dissolution act).