**Sheryl A. GRAY, Respondent,**

v.

**Lindell L. GRAY, Jr., Appellant.**

**No. 45969.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

---

During the marriage, husband conveyed this real estate to himself and his wife as tenancy by the entirety. Wife worked as a clerk for the Federal Reserve; husband resigned his position at the Special School District prior to the hearing.

The parties have one child. At trial, however, husband admitted that he had had sexual relations with another woman while wife was pregnant and that during the marriage he impregnated the other woman. He further stated that although the other woman was still married, he lived in her house with their child.

The court filed findings of fact and conclusions of law. In its decree, the court awarded general custody of the two year old daughter to the wife. The husband was granted reasonable rights of visitation, as well as the right to temporary custody of the child on alternate weekends, alternate national holidays including Mother's and Father's Days, and for a period of two weeks during the child's summer vacation. The court further stated, "the Respondent [husband] [is] ordered not to have said child, during Respondent's periods of temporary custody, overnight in any habitation in which Respondent and any adult female to who Respondent is not married or related, are present." Husband challenges that portion of the custody provisions which prohibits overnight custody of his child when a woman not his wife is present.

The circumstances surrounding the custody decree in this case are remarkably similar to those of *Bull v. Bull*, 634 S.W.2d 228 (Mo.App.1982). There, husband was living with a woman not his wife. The court entered an order awarding permanent custody to the mother. Temporary custody by the husband was limited to times which prevented the child staying overnight in the home where the father lived with a woman not his wife. This court's holding in *Bull* is equally applicable in the present case:

> At the time of the hearing, Stephen was age 11. Husband was living in a substantial home on the Lake of the Ozarks with his secretary. Although the

Donald E. Heck, Clayton, for appellant.

William E. Sorrell, Clayton, for respondent.

REINHARD, Judge.

Husband appeals provisions of dissolution decree regarding temporary child custody, distribution of property and attorney's fees. We affirm.

The basic facts are not in dispute. The parties were married for four years. Husband owned a house prior to marriage, which was encumbered by a deed of trust.

trial court made no specific finding, it is apparent the court refused to grant husband overnight custody of his son because a woman not his wife was residing in husband's home. Under these circumstances, we cannot second guess the trial court's determination this arrangement was in the best interest of the minor child.

634 S.W.2d at 229. Indeed, as we noted in Bull, the best interests of the child are of paramount concern to the court. 634 S.W.2d at 229; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Moreover, the trial court's judgment should not be disturbed unless the best interests of the child so demand. *In re Marriage of Hallak*, 559 S.W.2d 612, 613 (Mo.App.1977).

■ In the present case, the court did not name the woman who was the object of the order; however, the intent of the trial court's order is clear. To protect the child's best interests, the minor child of this marriage was not to stay overnight in a home with her father wherein he was with Connie D. and they were not married. The evidence clearly indicated that at the time of the hearing he was living with Connie D. in her home and that she was not, at that time, divorced from her husband. Under the circumstances, we do not find the trial court's order as to child custody to be an abuse of its discretion. The court acted in what it believed to be the child's best interests.

The second issue on appeal concerns the trial court's division of marital property. Husband's major complaint with the disposition of the property is that "the court abused its discretion in awarding an excessively large portion of the marital property to the petitioner ...." After hearing the evidence, the court awarded to the wife approximately $28,000.00 in marital property, of which $24,500.00 was the equity in the family home. Likewise, approximately $10,000.00 was awarded to husband. Based upon this computation, wife received approximately 74% of the marital property and husband 26%. Furthermore, wife contends that when you consider marital funds

which husband expended (he claimed paid for marital debts) prior to trial, the disposition more closely approximates a 50/50 division.

Husband, however, contends that since he must repay his mother $6,000.00 for money advanced when he purchased the home prior to marriage, the disposition is 87.5% to the wife and 12.5% to the husband. The evidence revealed that when the son purchased the house he was 19 years of age and that his mother loaned $6,000.00 to him as a down payment. The bank was told this money was a gift. Husband offered into evidence a document which stated:

*Note*

January 20, 1973          $6,000.00

I have today borrowed the sum of Six Thousand Dollars to use as a down payment on my home at 1273 Nectar Drive, Bellefontaine Neighbors, Missouri. This note bears no interest, and is payable only in the event that I sell my home.

S/Lindell L. Gray, Jr.

Based on this evidence, husband complains that the $6,000.00 debt to his mother should have been declared a lien against the house, and the property division appropriately adjusted.

■ We find no error in the court's failure to impress a lien based upon the evidence before it. With that in mind, we now consider whether there is merit to husband's complaint that the court erred in its distribution of the marital property. Section 452.330, RSMo.1978, provides that the court:

shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The contributions of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of the property is to become effective, including

**312**

the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage.

This court addressed the issue of property distribution in *Givens v. Givens,* 599 S.W.2d 204 (Mo.App.1980). Our findings in that case are equally applicable in the present matter:

The trial court has discretion in the division of marital property and a just division does not have to be equal, particularly where one party has engaged in misconduct. *Arp v. Arp,* 572 S.W.2d 232, 235 (Mo.App.1978). Among the factors to be considered by the court in distributing the marital property is the conduct in distributing the marital property is the conduct of the parties during the marriage. § 452.330.1(4), RSMo.1978. While marital misconduct may serve as a basis for the court in dividing the marital property, it "should not serve as a basis for ordering excessive maintenance against, or inadequate marital property to, the offending spouse." *Burtscher v. Burtscher* 563 S.W.2d 526, 527 (Mo.App.1978). Our review of the record here convinces us that the court did not abuse its discretion in awarding the marital home to wife. We believe the court's finding of sexual misconduct by husband was supported by the evidence. The wife testified that husband told her his "friend" was pregnant and he was not sure whether he was the father.

599 S.W.2d at 206.

 Like *Givens,* here there is no dispute as to marital misconduct of the husband. He openly admits that during the marriage he fathered a child by the woman with whom he is presently living. The trial court could and apparently did consider this factor,[1] as well as the fact that husband made a greater contribution to the marital property. While the case awards a greater distribution of marital property to wife, under the circumstances of this case, we

find no abuse of discretion in the disposition of such property.

 Lastly, defendant contends that the court erred in ordering him to pay wife's attorney's fees when "he was essentially unemployed" and was without funds while wife was employed. We recognize that the granting of attorney's fees is within the discretion of the trial court. Apparently there is no dispute as to the amount of attorney's fees; only as to responsibility for payment. In fact, the court determined that the attorney's fees which it deemed reasonable exceeded the amount which was apportioned to be paid by the husband. We find no error in the allowance of the attorney's fees.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. In fact, the court specifically noted this evidence in its findings.