**Mary Ann KING, Respondent,**

v.

**Wesley Dean KING, Appellant.**

**No. WD 40575.**

Missouri Court of Appeals,
Western District.

Jan. 3, 1989.

Douglass F. Noland, Kansas City, for appellant.

William B. Korth, Kansas City, for respondent.

Before FENNER, P.J., and MANFORD and GAITAN, JJ.

FENNER, Presiding Judge.

Appellant, Wesley Dean King (Husband) appeals from a Decree of Dissolution of Marriage. He contends that the trial court erred in provisions of the decree regarding the division of marital property, mainte-

nance and attorney's fees awarded to respondent, Mary Ann King (Wife).

The parties were married on July 1, 1978. There exists some dispute as to when the parties separated, the Wife claiming March, 1986, and the Husband claiming October, 1982. There were no children born of the marriage. Both parties had previously been married and had children from their prior marriages.

At the time of the marriage, Wife was employed at TWA. During the marriage, she held various other employment positions. Currently, Wife is employed at the Kansas City Police Department, where she has worked since July, 1986. Her current gross salary is approximately $12,000 per year. Husband is, and at all times during the marriage was, employed at TWA, having been employed there since 1959. His current income is approximately $42,000 per year.

In the beginning of the marriage the parties resided at 7113 North Cherry, Kansas City, Missouri, in a home Wife had received in a previous dissolution, which was her sole and separate property. During the time the parties lived together in the residence, both made contributions toward the payments of $204.00 per month.

In October, 1982, the parties separated for the first time and began what was to become a series of separations and reconciliations. The remainder of the marriage proved to be quite turbulent, to say the least. The parties' final separation was, according to the trial court, in March, 1986.

The trial court set apart to the parties their non-marital property and made a distribution of the marital assets. The total value of the marital property amount was determined to be $31,828.40. Included in the marital property figure were the portions of Husband's TWA Retirement Plan and TWA Trust Annuity Plan found by the court to be marital property. Wife was awarded marital property that had a total value of $13,773. Husband was awarded marital property that had a total value of $18,055. However, Husband was also ordered to pay a marital debt in the amount

of $8,774 which was an encumbrance, against an automobile distributed to Husband as part of his marital property. Taking this debt into consideration reduced the value of the property that Husband received to the amount of $9,281. The trial court awarded maintenance in gross to Wife in the amount of $7,500, payable at $300 per month until paid in full. Wife was also awarded $1,500 attorney's fees.

In his first point, Husband takes issue with the portion of the divorce decree which awarded $7,500 maintenance in gross to Wife. He asserts that the trial court abused its discretion because the findings required for maintenance to be awarded as set forth in § 452.335, RSMo 1986 [1], *infra,* were not here present. Husband maintains the evidence demonstrated that Wife was employed, had job skills and was awarded a significant portion of the marital property. Therefore, there was no evidence to support a finding that Wife lacked sufficient property to provide for her reasonable needs or was unable to support herself through appropriate employment.

The trial court has a great deal of discretion in awarding maintenance. *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 66 (Mo. banc 1983). The standard of appellate review of an award of maintenance requires affirmance unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *P.L.K. v. R.J.K.,* 682 S.W.2d 486, 489 (Mo. App.1984); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Unless the amount of maintenance is patently unwarranted and wholly beyond the means of the spouse who pays, interference by this court is not warranted. *Petty v. Petty,* 739 S.W.2d 738, 741 (Mo.App.1987), *citing Bull v. Bull,* 634 S.W.2d 228, 229 (Mo.App.1982).

The initial query in deciding the question of maintenance is whether the requesting party, herein the Wife, has sufficient property, including marital property apportioned during the proceedings, to provide for her reasonable needs.

§ 452.335.1(1). If the property is insufficient then the trial court must determine whether those reasonable needs can be met through appropriate employment of the requesting spouse. § 452.335.1(2). If the court finds an award of maintenance appropriate then the amount and duration must be determined. Section 452.335.2 lists several factors to be considered in making this determination. Those relevant to the case herein are as follows:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, and the physical and emotional condition of the spouse seeking maintenance;

(6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

At trial evidence was presented that Wife had no property other than personal belongings. Wife testified that she had no savings account and could not support herself based upon her salary alone which is approximately $12,000 per year. She stated that she was 44 years old and had no educational training other than a GED. In Wife's current employment she has no pension built up or retirement. The award to Wife of a portion of Husband's TWA retirement benefits is of no value to Wife at present as they will not be distributed until such time as Husband retires. Further, Wife received no income producing property in the property distribution.

As previously stated, the parties were married on July 1, 1978, and according to the trial court findings, were separated on or about March 1, 1986, a period of nearly eight years, although for most of this time period the marriage was tempestuous, at best. Husband notes that Wife enjoyed a comfortable standard of living throughout the marriage and, in fact, received a great

1. All statutory references are to RSMo, 1986.

deal of support from him during the course of the marriage. Despite the fact that the parties relative contributions during the marriage is not a factor to be considered in awarding maintenance, Husband's assertions in this regard further supports Wife's contention that she now cannot provide for her reasonable needs.

Additionally, there was evidence that Husband earns in excess of $42,000 per year. He makes no argument that he is unable to pay the amount of maintenance awarded while meeting his own needs.

The record does not reveal, as Husband suggests, that the trial court abused its discretion in awarding Wife $7,500 maintenance in gross. Because there was substantial evidence to support the award, Husband's point one is denied.

 In point II, Husband challenges the trial court's division of marital property. Husband argues that the trial court erred and abused its discretion by awarding the Wife a disproportionate amount of the unencumbered marital property. In the distribution of marital property Husband received a 1986 Pontiac automobile which was encumbered in the amount of $8,774. Significantly, this is the only encumbrance appearing in the record.

Section 452.330.1, lists several factors for a court to consider in dividing the marital property including (1) The contribution of each spouse to the acquisition of the marital property; (2) The value of the property set apart to each spouse; (3) The economic circumstances of each spouse at the time the division of property is to become effective, ...; (4) The conduct of the parties during the marriage.

As with other dissolution issues, the standard of appellate review of property division in decrees of dissolution, is governed by Rule 73.01(c), as elaborated upon in *Murphy v. Carron, supra.* This court may not second guess the trial court's balance of equities, because the trial court has considerable discretion in dividing marital property. *Nilges v. Nilges,* 610 S.W.2d 58, 60 (Mo.App.1980). Unless there has been an abuse of discretion, the trial court's decision will be upheld. *Colabianchi v. Colabianchi, supra,* 646 S.W.2d at 64.

Husband apparently feels that he was penalized by the trial court due to the evidence introduced by Wife alleging marital misconduct. Evidence was introduced at trial concerning Husband's dating of other women and sexual relations with two women during the course of the marriage. However, to say that this evidence was the major factor affecting the trial court's distribution of marital property, is to ignore the other factors before the court for consideration.

Section 452.330.1 gives the trial court great flexibility and far reaching power in dividing the marital property so as to accommodate the needs of the parties upon dissolution and there is no formula respecting the weight to be given the relevant factors which a court may consider. *In re Marriage of Harrison,* 657 S.W.2d 366, 370 (Mo.App.1983) (citations omitted). The evidence presented in the record shows that at the time of the distribution of marital property Husband's economic circumstance, including his salary and earning capacity, was superior to that of Wife.

The judgment of the trial court awarding marital property and fixing the obligation for marital debt did not create a property division so disproportionate as to amount to an abuse of discretion. Husband's point two is ruled against him.

 In his third and final point, Husband takes issue with the trial court's award of $1,500 attorney's fees to Wife. The trial court is granted broad discretion in awarding attorney's fees. *Petty v. Petty, supra,* 739 S.W.2d at 742. Only when the trial court is shown to have abused the broad discretion with which it is vested should its award be overturned. *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo. banc 1979). In making the award, the trial court must consider all relevant factors, including the financial resources of both parties. *Id.*

The record herein does not reveal that the trial court abused its discretion. There was substantial evidence to support the

award of attorney's fees. Husband's third point is denied.

The decree of the trial court is affirmed.

All concur.