In re the Marriage of Donald Francis **BUSHHAMMER**, Respondent,

v.

**Susan Jane BUSHHAMMER, Appellant.**

No. WD 43963.

Missouri Court of Appeals, Western District.

Sept. 17, 1991.

Grace S. Day, St. Joseph, for appellant.

Jere L. Loyd, St. Joseph, for respondent.

Before LOWENSTEIN, C.J., FENNER, P.J., and ULRICH, J.

FENNER, Presiding Judge.

Appellant, Susan Bushhammer and respondent, Donald Bushhammer were married May 29, 1982. No children were born to the marriage. The marriage was dissolved by judgment entered September 7, 1990, said judgment being amended October 9, 1990.

Appellant became ill in the fall of 1986, and in July, 1987, she had surgery to remove a brain tumor. In August, 1987, appellant went to stay with her parents in South Wales, New York. Prior to her illness, appellant was a reference librarian at Missouri Western State College, where she had worked since the time of the marriage. Following her surgery, appellant did not return to work and became eligible for disability income benefits, which she was receiving at the time of the dissolution.

At the time of the marriage, respondent was enrolled in college, subsequently earning his bachelor's degree. At the time of the dissolution, respondent was working for DST Systems, Inc., as a computer programmer, where he had been employed since April, 1984.

The record reflects that the collapse of the marriage began with appellant's illness and progressively deteriorated. After appellant's surgery in early May, 1987, her mother came to stay with her in St. Joseph, Missouri, to assist with her care. Appellant's mother stayed with her until August, 1987, at which time appellant, appellant's mother and respondent mutually agreed that appellant should return to New York with her mother so that her mother could care for her and because of the adverse weather in Missouri at that time. Had appellant not gone with her mother, respondent would have had to hire a full-time nurse to care for appellant due to her condition following surgery and radiation therapy.

Respondent visited appellant in New York on three occasions. The first visit was during Thanksgiving, 1987. The possibility of appellant returning to St. Joseph was discussed. Appellant's parents felt that if appellant were to return to St. Joseph, it would necessitate a change of marital residence to one with fewer stairs due to appellant's condition. Respondent indicated that he did not want to move from the residence in St. Joseph.

Respondent visited New York again during Christmas, 1987. The next visit was not until October, 1988, at which time respondent indicated that his purpose was to bring appellant back to St. Joseph to stay with him for one month to see how she would get along. Problems ensued between respondent and appellant, as well as appellant's parents. Apparently, appellant's parents attempted to instruct respondent regarding the care of their daughter to which respondent was not receptive. Respondent returned from New York without appellant. He phoned appellant shortly thereafter and discussed a permanent separation.

The trial court found, as confirmed by the record, that throughout 1988, respon-

dent paid approximately $7,000 of appellant's medical expenses, $2,000 of which was subsequently paid back to him by the insurance carrier. Appellant had medical insurance which provided coverage of 80 percent of her medical expenses, once a deductible was met. To pay the expenses, respondent used one of appellant's disability checks in the amount of $1,028 and liquidated a mutual fund in the amount of $2,500. Respondent also expended approximately $6,300 from two marital bank accounts during the same time frame. At the time of the dissolution hearing, there remained outstanding a medical bill to Radiation Therapy Foundation in the sum of $2,512, but it was not determined whether said bill would be covered by insurance.

On January 1, 1988, appellant began receiving disability benefits from various sources totalling $1,027 per month. Evidently, because appellant's parents were caring for her and paying the majority of her living expenses, appellant was able to accumulate approximately $15,000 of disability payments. In October, 1988, appellant was required to repay $6,604 to the Public School Retirement System, $4,000 of which was later returned to her. Appellant withdrew $9,000 from her savings, after being served the dissolution petition, to pay attorney's fees in the dissolution action and other unrelated legal matters, and to pay her parents. On the date of the dissolution hearing, appellant had approximately $1,900 in a savings account.

At the time of the hearing, respondent's monthly net disposable income was found to be $2,134 by the trial court with his necessary living expenses being $1,855.

The court found that appellant's current reasonable expenses, including reasonable reimbursement to her parents, to approximate, but not to exceed her current monthly disability benefit of $1,027. The court, however, observed that should appellant be unable to live with and be cared for by her parents, the disability benefit would not be sufficient to meet her reasonable needs. The court, therefore, awarded appellant nominal maintenance in the sum of $1.00 per month, and specifically reserved jurisdiction over the maintenance issue.

The court, pursuant to the provisions of § 452.330, RSMo 1986, made the following division of marital property:

| Property-value | Donald Bushhammer | Susan Bushhammer |
| --- | --- | --- |
| Marital residence at 2409 Rock Island Street, St. Joseph, Missouri, fair market value—$53,000, mortgage—$47,000. | Ownership of residence ($3,000 equity) | $3,000 equity to be paid to Susan by Donald |
| Vested amount in Donald's profit sharing plan with DST Systems, Inc.—$19,049.32. | $9,549.32 | $9,500.00 |
| Marital equity value in a van and Plymouth traded by Donald for his current vehicle—$1,928. | 428.00 | $1,500.00 |
| Household goods—has been previously divided by the parties and the value of the items taken by Donald exceeds the value of the items taken by Susan by $1,000. | | Donald to pay Susan $500 to evenly divide value of household goods |
| 1988 Dodge Colt, value—$7,000; debt—$9,408. | 1988 Dodge Colt plus debt | |
| United Missouri Bank NW checking account 04 3064 305 4. | $842.00 or current balance. | |

| Property-value | Donald Bushhammer | Susan Bushhammer |
| --- | --- | --- |
| Businessmen's Assurance Life Insurance policy face value—$69,000. | Ownership of policy, –0– cash surrender value | |
| Norstar Savings Account $1,900 (on date of trial) | | $1,900 or current balance |
| DST Systems, Inc., common stock, five shares, value—$50 | Ownership of stock, value $50 | |
| Total value | $13,869.32 | $16,400.00 |

Additionally, the court ordered Donald to pay Susan $5,000 to equalize the property division. The court further ordered that, in lieu of requiring respondent to repay appellant the disability check that he had received and kept, in the amount of $1,028, respondent was to pay the balance, if any, on the remaining medical bill to Radiation Therapy Foundation. Finally, the court awarded appellant $2,000 towards her attorney fees.

On appeal, Susan charges three points of error. In point one, she argues that the trial court abused its discretion by failing to award more than $1.00 per month maintenance because said failure indicates a disregard for her needs and that the sum is insufficient to supplement her income to provide for her needs, thus placing the burden for support on her parents.

The trial court has great latitude in granting maintenance. *King v. King*, 762 S.W.2d 544, 546 (Mo.App.1989). Section 452.335, RSMo Supp.1990, allows, but does not require, maintenance to be awarded where certain conditions are present. In pertinent part, that section provides:

1. In a proceeding for ... dissolution of marriage ... the court *may* grant a maintenance order to *either* spouse, but only if it finds that the spouse seeking maintenance;

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home. (emphasis added.)

Furthermore, § 452.335 has been construed to permit the allowance of nominal maintenance where the evidence shows a physical condition existing at the time of the marriage dissolution which has a substantial potential for disabling a party from remaining self-sufficient. *Bell v. Bell*, 641 S.W.2d 854, 856 (Mo.App.1982), citing *McBane v. McBane*, 553 S.W.2d 521 (Mo.App.1977).[1]

In the present case, after reviewing all the evidence, the trial court determined that an award of nominal maintenance only was warranted under the circumstances and reserved jurisdiction to consider substantial maintenance at a later time.

As § 452.335.1 makes clear, the initial inquiry in deciding the maintenance issue is whether the requesting party has sufficient property, including marital property apportioned during the proceedings, to provide for her reasonable needs. *King*, 762 S.W.2d at 546. If the property is insufficient, then the trial court must determine whether those reasonable needs can be met through appropriate employment of the requesting spouse. *Id.*

---

1. Awarding nominal maintenance is an accepted procedure for retaining jurisdiction over the issue of maintenance. *Bell v. Bell*, 641 S.W.2d 854 (Mo.App.1982). However, an award of a nominal amount of maintenance is not required for the retention of jurisdiction. *Givens v. Givens*, 599 S.W.2d 204 (Mo.App.1980). The court can retain jurisdiction by expressing clearly in its order that it intends to retain jurisdiction on the issue of maintenance. *Id.* at 207.

As previously set forth, the division of property provided property valued at $16,400 to appellant. Additionally, respondent was ordered to pay $5,000 to appellant. The division of property was favorable to appellant and the trial court could have found that appellant's property was sufficient to provide for her reasonable needs. § 452.335.1(1).

Regarding the second requirement of § 452.335.1(2), the trial court found that "as a result of [appellant's] physical disability she is currently unable to work and there is no likelihood that she will be able to work in the near future ..." and that "the only reasonable inference is that her disability will continue indefinitely and, perhaps, permanently." However, the court also found appellant's current disability income sufficient to meet her current reasonable monthly expenses. The court further found that if she was, at some time, unable to continue to live with and be cared for by her parents, the disability income would not be sufficient to meet her reasonable needs.

The trial court's award of nominal maintenance and specific retention of jurisdiction to consider substantial maintenance in the future was appropriate and proper under the facts of this case. No abuse of discretion is apparent from the record. Point one is denied.

■ In point two, appellant claims that the trial court erred in failing to award her a greater sum of the marital assets due to her severe physical condition.

Appellant correctly cites the rule of law that the trial court is not required to make an equal division of marital property, only an equitable one. *Golleher v. Golleher*, 697 S.W.2d 547 (Mo.App.1985).

As is the case with an award of maintenance, the trial court is vested with considerable discretion in dividing marital property and that decision will not be disturbed unless the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984). A review of the division of property, as previously set forth, clearly indicates a division favorable to appellant.

This court is not insensitive to appellant's tragic malady. However, an appellate court is not in the position to review the facts adduced at trial, but reviews the decision of the trial court to determine whether an abuse of discretion has occurred. None being found with regard to the division of marital property, point two is denied.

■ In her third and final point, appellant argues that the trial court erred in failing to award her attorney's fees as requested. The trial court ordered respondent to pay $2,000 of appellant's $4,000 claim for attorney's fees.

The trial court is vested with broad discretion in ordering payment of attorney fees and said award is reviewable only for an abuse of discretion. *Amedei v. Amedei*, 801 S.W.2d 491, 494 (Mo.App.1990) (citation omitted). The general rule is that each party must bear his or her own costs of litigation. *Id.* (citation omitted). Appellant was awarded one-half of her requested attorney's fees. She has shown no abuse of discretion in said award. Point three is denied.

In view of the foregoing, the judgment of the trial court is hereby affirmed.

All concur.