Randy S. GREEN, Appellant,

v.

Diane L. GREEN, Respondent.

No. WD 72935.

Missouri Court of Appeals,
Western District.

June 7, 2011.

Catherine Earnshaw–Hobbs, Lee's Summit, MO, for appellant.

Diane L. Green, Respondent pro se.

Before Division One: GARY D. WITT, Presiding Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

GARY D. WITT, Judge.

Randy Green appeals from the trial court's Amended Judgment of Dissolution of Marriage with respect to the trial court's award of maintenance to Diane Green. We affirm.

### Factual Background

On August 17, 2010, the trial court entered its Amended Judgment of Dissolution of Marriage ("Amended Judgment"). The Amended Judgment granted a dissolution of marriage to Randy Green ("Randy") and Diane Green ("Diane"). As pertinent to this appeal, the Amended Judgment determined that the marital home could no longer be afforded by the parties and that it must be sold as soon as possible. The Amended Judgment ordered Randy to make mortgage pay-

ments on the property until it is sold but allowed Diane to reside there rent-free until that time. The trial court determined that Diane could meet her reasonable expenses while she was living in the marital home rent free.

However, once the marital home is sold and Diane will be required to pay rent or other housing payment, the trial court imputed a rental expense of $725 to her, which would then place her in a position where she is unable to meet her reasonable needs. The Court found that Randy's housing payment at the time the house is sold would decrease from $1,442.24, which he currently pays for the mortgage payment on the marital home, to $725 which he would have to pay for rent or other housing payment, which would also make him financially able to meet his reasonable needs and provide maintenance to Diane. Therefore, when the house is sold, the Court found Diane will no longer be able to meet her reasonable needs, as she will be responsible for a rent payment, and she is, therefore, entitled to a $400 per month maintenance payment to meet her reasonable needs. Such maintenance payment is to commence the month after the marital home is sold. Randy does not contest any of the factual findings by the trial court but presents a purely legal argument.

### Standard of Review

■ "A decree of dissolution will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Alberty v. Alberty,* 260 S.W.3d 856, 859 (Mo.App. W.D.2008) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). "A trial court has broad discretion

in setting the amount and duration of a maintenance award; accordingly, such an award is reviewed only for an abuse of discretion." *Sweet v. Sweet,* 154 S.W.3d 499, 504 (Mo.App. W.D.2005) (citing *In re Marriage of Murphy,* 71 S.W.3d 202, 205 (Mo.App. S.D.2002)). We review questions of law *de novo. Smith v. Am. Family Mut. Ins. Co.,* 289 S.W.3d 675, 680–81 (Mo.App. W.D.2009).

### Analysis

■ In his sole Point on Appeal, Randy alleges the trial court erred in making an award of maintenance that is to commence at a future time because Chapter 452 does not permit such an award after finding no basis for a present award of maintenance in that there is no statutory basis for such an award.

Section 452.335 [1] is the statutory authority upon which the trial court may grant spousal maintenance. That section provides for a grant of maintenance if the spouse seeking maintenance:

> (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
>
> (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Section 452.335.1. Roger argues that these statutes do not permit the trial court to order maintenance to commence at a future time and he argues that a court should not base a maintenance award on speculation as to future conditions of the parties. In support of his arguments, Roger cites to *Souci v. Souci,* 284 S.W.3d

1. All statutory citations are to RSMo 2000 as updated through the 2010 Cumulative Supplement, unless otherwise indicated.

749 (Mo.App. S.D.2009). In *Souci*, the Southern District considered a claim that the trial court erred when it failed to set a termination date for an award of maintenance. *Id.* at 759. The Court, in rejecting the appellant's claim, explained that maintenance payments of unlimited duration are favored because substantial evidence of an impending financial change in the condition of the parties is required for a court to prospectively terminate an award of maintenance. *Id.* (quoting *Craig–Garner v. Garner,* 77 S.W.3d 34, 39 (Mo.App. E.D. 2002)). *Souci* does not support Roger's contention here, and in fact actually supports the authority of the trial court in certain situations to base its award of maintenance, and a future change in the maintenance amount, upon known future circumstances of the parties; to wit, such a variable maintenance award is *justified* "where substantial evidence exists of an impending change in the financial conditions of the parties." *Id.* (quoting *Craig–Garner v. Garner,* 77 S.W.3d 34, 39 (Mo. App. E.D.2002)); *see also Brock v. Brock,* 936 S.W.2d 882, 886 (Mo.App. E.D.1997).

Roger also argues that the holding in *Givens v. Givens,* 599 S.W.2d 204 (Mo.App. E.D.1980) that "the trial court does not have unbridled discretion to retain jurisdiction over the maintenance issue" means that the trial court's actions here were improper.[2] We presume his argument is that ordering a change in maintenance in the future is an improper retention of jurisdiction. In *Givens,* the trial court attempted to retain jurisdiction over the maintenance issue even though at the time of the dissolution action the wife had the means to support herself and meet her reasonable needs. *Id.* at 206. Further, there was no indication of an impending change to the financial status of the parties. *Id.* There the Court made clear that retention of jurisdiction by the trial court is permissible in limited situations where "the potential for future inability to work is established by evidence exceeding mere guesswork or speculation. Mere suppositions of future inability to work are not adequate." *Id.* (quoting *Abney v. Abney,* 575 S.W.2d 842, 844 (Mo.App.1978)).

Following this line of precedent, our Courts have allowed a trial court to retain jurisdiction over the issue of maintenance in certain limited circumstances.

The trial court's determination of the amount of maintenance to be awarded, if any, is governed by section 452.335, RSMo 1994. After our review of section 452.335, RSMo 1994, we observe that nowhere in the statute is there a reference to "future" maintenance. Nevertheless, a court no longer needs to make an award of nominal maintenance in order to retain jurisdiction over the issue, but may retain jurisdiction by expressly indicating in its order that it is doing so. In order to avoid confusion as to the finality of a judgment, it is preferable that a court simply state that the court retains jurisdiction on the issue of maintenance. Secondly, while a court has broad discretion in determining the amount of maintenance to award a spouse in a dissolution action, a court does not have unbridled discretion to retain jurisdiction over the maintenance issue. Because the retention of jurisdiction over the issue of maintenance lends

---

**2.** Our Supreme Court has established that subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution. Article V, section 14. *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 253 (Mo. 2009). However, the issue in this argument is not the subject matter jurisdiction of the trial court, but rather the jurisdiction or authority of a trial court to act after its judgment becomes final. *See* Rule 81.05; *In re Marriage of Herrman,* 321 S.W.3d 450, 452 (Mo. App. S.D.2010).

itself to the creation of further disputes between the parties and subjects their lives to the uncertainties and unpredictabilities of future events, a court's retention of jurisdiction on the issue of maintenance becomes applicable only when the potential for future inability to work is established by evidence exceeding mere guesswork or speculation.

*Farley v. Farley,* 51 S.W.3d 159, 167 (Mo. App. S.D.2001).

In the case at bar, the trial court essentially denied an initial award of maintenance but retained jurisdiction over the issue and awarded maintenance following the sale of the marital home. As in the exception noted above, this presents a situation in which the trial court has evidence exceeding guesswork or speculation about the future financial conditions of the parties; although this evidence does not pertain to the future inability to work of the spouse seeking maintenance, this is not dispositive. We have approved a similar retention of jurisdiction over an award of maintenance in *Bushhammer v. Bushhammer,* 816 S.W.2d 271 (Mo.App. W.D.1991). In *Bushhammer,*

> [t]he wife had surgery to remove a brain tumor. When the parties' marriage was dissolved, the court found that the wife was capable of supporting herself through her disability benefits, because she was currently living with and being cared for by her parents. Therefore, the court awarded the wife nominal maintenance and retained jurisdiction over the issue. On appeal, this Court affirmed, holding that the trial court had not abused its discretion in retaining jurisdiction over the issue of maintenance. *Id.* at 275. The Court pointed to the evidence that if, at some time in the future, the wife was no longer able to live with and be cared for by her parents, her disability payments would

not provide sufficient income to meet her reasonable needs. *Id.*

*Graves v. Graves,* 967 S.W.2d 632, 638–39 (Mo.App. W.D.1998). Similarly here, at some point in the near future after the marital home is sold, there is substantial evidence that Diane will not have sufficient income to meet her reasonable needs, because she will then have to pay rent or other housing costs. There is also substantial evidence that when Randy no longer has the house payment to make, he will have the ability to meet his reasonable needs and still pay maintenance.

■ Although generally "[m]aintenance should not be conditioned upon happenings in the future," an exception exists when "evidence shows the circumstances of the parties would likely change in the future." *In re Marriage of Hall,* 801 S.W.2d 471, 472–73 (Mo.App. S.D.1990) (citing *In re Marriage of Runez,* 666 S.W.2d 430, 433 (Mo.App. S.D.1983)). Such is the case here. The trial court ordered the immediate sale of the marital home. Upon that sale, the financial condition of both parties will change, and the trial court deemed that an award of maintenance to Diane will then be reasonable and necessary. We see no important distinction between the following two scenarios: the evidence establishes, with reasonable certainty, an impending change in the financial status of the parties and, therefore: (1) the trial court prospectively decreases or terminates a maintenance payment (the more common scenario); and (2) the trial court prospectively increases the maintenance payments or delays the commencement of maintenance payments (the case at bar). In either case the trial court is making a present award of maintenance based upon substantial evidence of impending financial changes of the parties. Therefore, the trial court did not err in making an award of maintenance to Diane to commence at

an easily defined time in the future under the facts of this case.

Point is denied.

## Conclusion

For the aforementioned reasons, the Amended Judgment of Dissolution of Marriage is affirmed.

All concur.