# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| THE BOEING COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No.: N14C-12-055 EMD CCLD |
| SPIRIT AEROSYSTEMS, INC., | ) ) |
| Defendant. | ) ) ) ) ) |

## ORDER DENYING PLAINTIFF THE BOEING COMPANY'S MOTION FOR ENTRY OF JUDGMENT UNDER SUPERIOR COURT CIVIL RULE 54(b)

Upon consideration of Plaintiff The Boeing Company's Motion for Entry of Judgment Under Superior Court Civil Rule 54(b) (the "Motion") filed by Plaintiff The Boeing Company ("Boeing") on July 10, 2017; Spirit Aerosystems, Inc.'s Opposition to The Boeing Company's Motion for Entry of Judgment Under Superior Court Civil Rule 54(b) (the "Opposition") filed by Defendant Spirit Aerosystems, Inc. ("Spirit") on July 17, 2017; the arguments presented by the parties on the Motion and the Opposition at the hearing on July 24, 2017; the letter filed by Spirit with the Court on July 24, 2017; and the entire record of this civil proceeding;

1.      By Opinion dated June 27, 2017, this Court granted summary judgment in favor of Spirit. The Court ruled that Spirit did not breach the terms of an asset purchase agreement and that Spirit therefore had no indemnification obligation to Boeing. The Court further required Boeing to reimburse Spirit for its reasonable attorneys' fees, costs, and expenses incurred in connection with any proceeding for the enforcement of the asset purchase agreement.

2.      Through the Motion, Boeing asks the Court to enter a final judgment pursuant to Superior Court Civil Rule 54(b) ("Rule 54(b)") as to the legal issues of liability resolved on

summary judgment. This would allow Boeing to pursue its appellate rights before the Court decides the amount of fees and other costs due to Spirit.

3.      Rule 54(b) allows the Court to certify a final judgment upon one or more claims if: "(1) the action involves multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally decided, and (3) there is no just reason for delaying an appeal."[1] In deciding whether there is "just reason for delay" under prong three, the Court must consider: "(1) the hardship or injustice suffered by the moving party in the absence of the final judgment; and (2) the interest of judicial administration and judicial economy."[2] This decision is left to the discretion of the Court; however, the long established policy against piecemeal appeals requires this Court to exercise that discretion "sparingly," "cautiously," and "frugally."[3]

4.      The Court finds that there is "just reason for delaying an appeal" in this case. Boeing has not articulated any hardship or injustice that it would suffer if it had to wait until the Court resolved the issue of costs before appealing this Court's legal ruling. Boeing began litigating the issues underlying this dispute in 2005. Delaying an appeal an additional few months, at most, is not unduly burdensome to Boeing at this point in the litigation. In addition, Spirit has already taken steps to place the remaining issues regarding fees and costs before the Court for resolution.

---

[1] Super. Ct. Civ. R. 54(b); *see also Hill Int'l, Inc. v. Opportunity Partners, L.P.*, 119 A.3d 30, 36 (Del. 2015). The parties for the most part agree that prongs one and two are satisfied—that the action involves multiple claims, and at least one of those claims has been fully and finally decided by the Court. Therefore, the Court focuses this decision on whether there is "just reason for delaying an appeal."

[2] *Lima Delta Co. v. Glob. Aerospace, Inc.*, C.A. No. N14C-02-101, 2016 WL 1169125, at *2 (Del. Super. Mar. 17, 2016).

[3] *See Lima Delta Co.*, C.A. No. N14C-02-101, 2016 WL 1169125, at *2; *In re Tri-Star Pictures, Inc., Litig.*, C.A. No. 9477, 1989 WL 112740, at *1160 (Del. Ch. Sept. 26, 1989).

2

5. The Court finds that the interest in avoiding piecemeal appeals outweighs any interest Boeing may have in an immediate appeal. If the Court certifies a final judgment on the liability issue only, that appeal, if affirmed, would likely necessitate a separate appeal by Boeing from the final judgment as to costs. The issue of costs in this case, however, is rooted in the issue of liability, which means the Delaware Supreme Court would again need to revisit the issue of liability to resolve the second appeal.[4] In contrast, if the Court enters a final judgment as to liability *and* costs owed, the Supreme Court can simultaneously, in one appeal, address both the Court's liability determination and the reasonableness of the Court's fee award. The Court believes this latter scenario would best serve judicial appellate economy.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff The Boeing Company's Motion for Entry of Judgment Under Superior Court Civil Rule 54(b) is **DENIED**.

Dated: July 28, 2017
Wilmington, Delaware

Eric M. Davis, Judge

---

[4] *See Republic Envtl. Sys. Inc. v. RESI Acquisition (Del.) Corp.*, C.A. No. 99C-02-194, 1999 WL 464521, at *6 (Del. Super. May 28, 1999) (noting that the "overriding concern [on a Rule 54(b) motion] is that of judicial, and more specifically, appellate economy" and advising trial courts to refrain from "issuing final judgments on less than all issues if it creates the possibility of making an appellate Court review the facts and issues of a case more than once"); *see also In re Explorer Pipeline Co.*, C.A. No. 18749, 2001 WL 1009302, at *2 (Del. Ch. Aug. 29, 2001) (explaining that it is "strong public policy that piecemeal appeals should not be presented to the Delaware Supreme Court").