**Erika Lynn MCFALL, Respondent,**

v.

**John L. MCFALL, Jr., Appellant.**

**No. SD 28648.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 17, 2008.

Dale E. Gerecke, Bradshaw, Steele, Cochrane & Berens, L.C., Cape Girardeau, for Appellant.

James M. McClellan, Sikeston, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

Appellant (Husband) appeals the judgment dissolving his 15–year marriage to Respondent (Wife). His five points challenge valuation of the marital home, a determination of Wife's separate property, and provisions for custody and support of three minor children. We vacate the judgment in part, affirm in all other respects, and remand with directions.

### General Principles of Review

Our standard of review generally tracks that of any court-tried case; we will affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or misapplies or erroneously declares the law. We view the record in favor of the trial court's decisions, and defer to its credibility determinations, since it may believe or disbelieve all, part, or none of any witness testimony. Husband, as appellant, has the burden of demonstrating error. *See In re Marriage of Wood*, 262 S.W.3d 267, 270 (Mo.App.2008) and cases cited therein. Specific review principles will be considered in the context of Husband's various points, which we will address out of order.

### Marital Home Valuation (Point IV)

Husband asserts that valuing the marital home at $175,000 was against the greater weight of credible evidence. The values in evidence ranged from $166,000 by Wife and her appraiser to $190,000 by Husband's appraiser, with a $175,000 figure by Husband falling between. Trial courts enjoy broad discretion valuing marital property in the face of conflicting evidence. *Wood*, 262 S.W.3d at 275. Husband cannot credibly challenge the use of his own number in these circumstances. Point denied.

### Stock as Separate Property (Point V)

The trial court set apart to Wife, as her separate property, corporate shares of Miller Drywall of Kentucky, Inc. Husband

claims Wife did not clearly and convincingly rebut the statutory presumption that this property, acquired during marriage, is marital property.

■■■ Whether property is marital or separate is a discretionary decision; we will reverse only if the trial court abused its discretion. *See Stidham v. Stidham*, 136 S.W.3d 74, 77–78 (Mo.App.2004). *See also Selby v. Selby*, 149 S.W.3d 472, 482 (Mo.App.2004). When that ruling depends on an assessment of witness credibility, we defer to the trial court's credibility determinations. *Id.* Property acquired during marriage, even in one spouse's name, is presumed marital, but the presumption can be overcome by showing the property was a gift. *See* § 452.330.2(1) & .3; *Selby*, 149 S.W.3d at 483. Such showing requires clear and convincing evidence. *Stidham*, 136 S.W.3d at 79. *See generally Winter v. Winter*, 167 S.W.3d 239, 243 (Mo.App. 2005).

> The judgment states, in pertinent part: That the Court considers Section 452.330.2, RSMo. and determines that [Wife] owns non-marital, separate property, same being 75 shares of Miller Drywall of Kentucky Inc. in the name of Erika McFall. That the testimony of [Wife's] father, Mike Miller, and the testimony of [Wife] is that said stock was gifted to [Wife] and her sibling in the Kentucky S corporation known as Miller Drywall of Kentucky, Inc.; that [Husband] presented no evidence to the contrary and made no contribution of money or labor to that corporate entity.

For these and other stated reasons, the trial court set the stock aside to Wife as her separate property. Husband claims the supporting evidence was not "clear and convincing." We disagree. Wife's father owned and operated Miller Drywall, Inc., a Missouri corporation. He testified that he formed a second corporation in Kentucky partly for estate planning purposes, the stock of which ultimately was "gifted" to his four children (including Wife) and a voting trust controlled by his attorney.[1] Wife testified similarly. Only Wife's name is typed into her stock and voting trust certificates in evidence.[2] Husband contributed no labor or capital to the corporation.

The trial court obviously credited, in particular, the testimony of Wife and her father in finding the subject stock non-marital. We defer to such assessments (*Selby*, 149 S.W.3d at 482), and accordingly, deny Husband's point.

### Child Support (Point III)

■■■ Husband claims the $681 monthly child support award is unsupported by substantial evidence, asserting five specific complaints. Wife concedes two of these, involving Form 14 errors. First, no evidence supports the trial court's line 6c entry that Wife pays $396 monthly for the minor children's health insurance. Wife's employer provides such coverage at no cost to her; thus, the figure should be zero. Second, Husband's line 11 overnight visitation/custody adjustment was miscal-

---

1. He initially gifted stock only to Wife and her sister because his other two children were young. The record is unclear whether Wife and her sister were given stock itself, or money to buy it from the new corporation. In any event, Wife and her sister gave half of their stock to the younger siblings as they came of age; thus, each of the four siblings now owns 75 shares.

2. Both Husband and Wife signed the voting trust certificate. The trial court observed, in its judgment, that "it is customary to require a spouse to sign off on transfers of stock and real estate that may be non-marital by attorneys, banks and transfer agents."

culated as 9%, but should have been 10%. We must vacate the judgment as to these two items and remand for correction and recalculation of child support by the trial court.

█ Husband's remaining complaints compel no further relief. First, Husband now concedes there was evidence supporting the trial court's imputation to him of $2,779 monthly gross income. Moreover, Husband recommended this figure in his proposed judgment and cannot complain that the trial court did as he asked. *Harris v. Parman*, 54 S.W.3d 679, 685 (Mo. App.2001).

█ Husband next claims the trial court ignored Wife's employer-provided vehicle and other employment-related benefits in calculating her gross income. Whether to include such benefits in child support calculations is in the trial court's discretion. *Keller v. Keller*, 224 S.W.3d 73, 80 (Mo.App.2007).[3] Husband fails to show any abuse of discretion, especially since he admits he developed no trial evidence about these benefits' value.

█ Husband's final complaint, about the support award's retroactivity, fails as well. A trial court "has authority to award child support retroactive to the date of filing the petition" and enjoys "considerable discretion" in doing so. *Franklin v. Franklin*, 213 S.W.3d 218, 227 (Mo. App.2007). We will not reverse its decision absent an abuse of discretion (*Id.*), and Husband has shown none.

## Child Custody (Points I & II)

█ Wife concedes Point I—the trial court's misnomer in awarding her "primary physical custody" of the children. *See In re Marriage of Williams*, 220 S.W.3d 858, 859 n. 2 (Mo.App.2007). As this court recently noted:

> Physical custody, like legal custody, is either "joint" or "sole" depending on the amount of time the child is to spend with each parent. If the contact schedule has the child spending "significant" (though not necessarily equal) periods of time with each parent, this constitutes an award of joint physical custody and should be so designated in the judgment. If more limited periods of time are awarded to one parent, those periods should be referred to as "visitation" and the decree should state that the other parent is being awarded "sole" physical custody subject to the other parent's periods of visitation.

*Wood*, 262 S.W.3d at 270 n. 2. (citations omitted).[4] Each party invites this court to review the evidence and direct its preferred result (Wife wants sole custody; Husband argues for joint custody), but we decline to do so. Since the case is being remanded to correct the child support award, we will vacate and remand the physical custody determination to the trial court as well.

█ Finally, we reject Husband's multifarious Point II claims of error in, *inter alia*, failing to award Husband joint physical custody; failing to adopt Husband's proposed parenting plan; and ordering physical custody arrangements that Hus-

---

3. Form 14's line 1 instructions likewise provide that "significant employment-related benefits *may* be included, in whole or in part, in 'gross income' in *appropriate circumstances*." (our emphasis).

4. These are important distinctions affecting the standard for future modification proceed-

ings. "Visitation" can be modified upon a showing that to do so is in the child's best interest. Modification of joint custody likewise considers the child's best interest, but also requires proof of changed circumstances of the custodian or child. *Wood*, 262 S.W.3d at 270 n. 2, and authorities cited therein.

band alleges are unsupported by substantial evidence. For example, Husband now claims the trial court improperly considered Husband's prior DWI conviction, his pending DWI charge, his admitted marijuana use, and a comment by the guardian ad litem. Husband objected to none of these at trial; all came into the record without objection; and the trial court could give them such weight and consideration as it saw fit. Having carefully considered the record in light of our standard of review, we find no basis for relief on Husband's Point II complaints individually or collectively.

## Conclusion

For the foregoing reasons, we reject Husband's claims on appeal and affirm the judgment in all respects, except as follows: We vacate the awards to Wife of "primary physical custody" of the minor children and $681 monthly child support, and remand for further proceedings consistent with this opinion, including entry of an amended judgment that includes (1) an award of either "joint" or "sole" physical custody of the minor children consistent with applicable law; and (2) a child support award recalculated after the correction, on Form 14, of Wife's line 6c entry to zero and Husband's line 11 entry to 10%.

BARNEY and BATES, JJ., concur.