Carla TORREY, Respondent,

v.

Mark Edward TORREY, Appellant.

No. WD 71246.

Missouri Court of Appeals,
Western District.

Nov. 16, 2010.

Craig D. Ritchie, St. Joseph, MO, for Appellant.

Brenda R. Wall–Swedberg, Kirksville, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., MARK D. PFEIFFER, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Mark Edward Torrey (Husband) appeals the circuit court's judgment dissolving his marriage to Carla Torrey (Wife). In his six points on appeal, Husband alleges that the circuit court erred in valuing and classifying certain marital and nonmarital assets. We affirm.

Husband and Wife were married in April 2004 and separated in February 2008. They had no children together. Wife filed a petition for dissolution of marriage in February 2008, and Husband filed an answer and counter-petition for dissolution of marriage. Trial was held in April 2009. At the conclusion of the trial, the circuit court asked the parties' attorneys to submit proposed judgments of dissolution setting forth their clients' recommended valuation, classification, and division of their assets and liabilities. Both parties submitted proposed judgments. The circuit court entered its judgment dissolving the parties' marriage and dividing their property in June 2009. Husband appeals.

We will affirm the circuit court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all permissible

inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Bridgeman v. Bridgeman,* 63 S.W.3d 686, 689 (Mo.App. 2002). We recognize the circuit court's superior position to judge the witnesses' credibility, sincerity, character, and other intangibles that are not apparent from the transcript. *Krost v. Krost,* 133 S.W.3d 117, 119 (Mo.App.2004). The circuit court was "free to accept or reject all, part, or none of the testimony of a witness." *Id.*

■ The circuit court has broad discretion to classify and value property in a dissolution action. *Andrews v. Andrews,* 289 S.W.3d 717, 724 (Mo.App.2009); *McFall v. McFall,* 271 S.W.3d 22, 24 (Mo. App.2008). The circuit court's decision on these issues will not be disturbed absent an abuse of discretion. *Cohen v. Cohen,* 73 S.W.3d 39, 53 (Mo.App.2002). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to indicate indifference and a lack of careful judicial consideration." *Id.* If reasonable persons can differ about the propriety of the circuit court's action, it cannot be said that the court abused its discretion. *Id.*

■ In his first point, Husband argues that the circuit court erred in classifying his entire 401(k) plan as marital property. The court valued the plan at $12,000 and set it aside to Husband. Husband contends that he earned a portion of the funds before marriage, and therefore, the court should not have classified the entire plan as marital.

■ As the party claiming that part of his 401(k) plan was non-marital, Husband bore the burden of proving that an identifiable portion of the plan was his separate property by clear and convincing evidence. *Rodieck v. Rodieck,* 265 S.W.3d

377, 383 (Mo.App.2008). Evidence is clear and convincing if it " 'instantly tilts the scales in the affirmative when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the evidence is true.' " *Farnsworth v. Farnsworth,* 108 S.W.3d 834, 839 (Mo.App.2003) (citation omitted).

In his statement of marital and non-marital property and liabilities, Husband listed his 401(k) plan as a marital asset and did not indicate that any of it was his separate property. At trial, Husband testified that Wife set up the 401(k) plan for him during the marriage. According to Husband, the plan was originally funded with $12,000. When asked on cross-examination whether he agreed that this initial $12,000 was deposited into the plan during the marriage, Husband testified, "No, it was before part of it and then part of it when I was working for PSF and how long that is, I can't tell you. I would have to call Ralph. I haven't talked to him in several years." Husband offered no other testimony or evidence on this issue.

Husband's testimony does not identify how much of the $12,000 was allegedly his separate property. Husband's vague testimony that "part" of the $12,000 was from funds he earned before the marriage falls far short of clear and convincing evidence. The circuit court did not err in classifying his entire 401(k) plan as marital. We deny Husband's first point.

■ We will address Husband's remaining five points collectively, as the same legal principle applies to all of his allegations of error. In these points, Husband takes issue with the court's treatment of certain assets, specifically, the court's valuing the marital interest in the parties' residence at $3641, the court's classifying Wife's retirement account as her separate property, the court's classifying a Great Western savings account as marital prop-

erty, and the court's classifying two parcels of real estate as marital property. The problem with Husband's claims of error is that the court treated these assets just as Husband had requested in his proposed judgment.

Indeed, where these assets are concerned, there is very little difference between Husband's proposed judgment and the circuit court's judgment. Husband had requested in his proposed judgment that the parties' residence be set aside to Wife as her separate, non-marital property.[1] Husband also asked the court to assign the amount of $3641, representing the "[i]ncrease in equity in home," to Wife's share of the marital property. In its judgment, the circuit court classified the residence as Wife's separate, non-marital property, found that marital funds and efforts were expended to improve and increase the home's value in the amount of $3641, and assigned that amount to Wife's share of the marital property. Husband now claims that the court should have ordered an appraisal of the home, calculated whether or not the home increased in value during the marriage, and determined how much of any increase in value was attributable to his efforts.

Similarly, Husband had requested in his proposed judgment that the court classify Wife's retirement account as her separate, non-marital property. Specifically, Husband's proposed judgment listed, as Wife's non-marital property, "Retirement Pension benefits through employment at Joel Pratt, DDS—also listed as Wachovia Securities IRA ($54,000.00 approximately)."[2] In its judgment, the circuit court adopted this language verbatim. On appeal, Husband claims that the circuit court should have classified a portion of the account as marital because Wife accrued some of the benefits during the marriage.

Likewise, Husband classified the Great Western savings account as marital property in his proposed judgment, and he asked that it be set aside to him.[3] In its judgment, the circuit court classified the savings account as marital but set it aside to Wife. Husband now claims that the circuit court should have classified the savings account as his separate, non-marital property because he never intended to transmute the funds in the account into marital property.[4]

Finally, Husband classified the two parcels of real estate as marital in his pro-

1. The undisputed evidence was that Wife owned the home before the marriage and retained title to it in her name only during the marriage.

2. In her testimony, Wife admitted that her employer had made contributions to her retirement account during the marriage. Because the account did not increase in value during the marriage and was, in fact, worth $30,000 less than it was at the beginning of the marriage, Wife listed the account as her non-marital property.

3. The evidence regarding the savings account showed that, in January 2008, Husband received an insurance settlement check for $25,000 for damage to his separate property. He deposited the $25,000 into a bank account titled in both parties' names. Husband subsequently used the funds to purchase a certifi-

cate of deposit, which he also titled in both parties' names. After the separation, Wife transferred the funds out of the certificate of deposit and into the Great Western savings account in her name only. She did not spend the money, and the account was valued at $25,482 at the time of trial.

4. We recognize that, while the court accepted Husband's proposed classification of the Great Western savings account as marital, the court did not award the account to Husband as he had requested. As Husband received over seventy-five percent of the net marital property, we fail to see how the court's awarding the savings account to Wife constituted an abuse of discretion or caused Husband to suffer any prejudice.

posed judgment and asked that they be set aside to him. In its judgment, the circuit court classified the parcels as marital and set them aside to Husband. On appeal, Husband claims that the circuit court should have classified the parcels as his separate, non-marital property because he never intended to transmute the parcels, one of which he owned before the marriage and the other which he received as a gift from his mother during the marriage, into marital property when he titled the parcels in both parties' names.

Comparing Husband's proposed judgment to the circuit court's judgment, it is apparent that the court followed Husband's wishes in valuing the marital interest in the parties' residence and in classifying Wife's retirement account, the Great Western savings account, and the two parcels of real estate. Husband acknowledges in his point concerning only the Great Western savings account that he asked for the same classification that the court ascribed to the asset. He argues that his classification of the savings account as marital in his proposed judgment should not negate his identifiable separate interest in the funds, citing *Andrews*, 289 S.W.3d at 725. In *Andrews*, the wife classified a car, which was purchased with marital funds and $10,000 of the wife's non-marital funds, as marital in her statement of marital and non-marital property. *Id.* at 724–25. At trial, however, the wife offered undisputed testimony of her intent to maintain her $10,000 separate interest in the car. *Id.* at 725. On appeal, the husband argued that the wife's classification of the car as marital in her statement of property constituted evidence of her intent to convert her separate property into marital property. *Id.* The Eastern District of this court found, however, that the wife had presented clear and convincing evidence of the separate property interest that she maintained in the car, and her classifying the car "generally" as marital property in her property statement did not negate her "clearly identifiable" interest. *Id.*

The issue before the court in *Andrews* was essentially whether the circuit court erred in accepting and crediting the wife's testimony concerning her intent to retain her separate interest in the car over any inference created by her classifying the car as marital in her property statement. That is not the same issue we face here. Husband's property values and classifications that the court adopted were not merely submitted as evidence in his statement of marital and non-marital property.[5] Husband submitted these property values and classifications in his proposed judgment after the trial. Thus, the issue in this case is not whether the circuit court erred in the weight that it accorded conflicting evidence. Rather, the issue is whether Husband can now assert that the circuit court committed reversible error when it valued and classified the property exactly as he had requested in his proposed judgment. We hold that he cannot.

When the court ordered the parties to submit their proposed judgments, the court specifically told them to submit a "proposed judgment the way you think it ought to be." Thus, Husband's proposed judgment was his representation to the court of how he wanted the property to be

---

5. Husband's treatment of these assets in his statement of marital and non-marital property varied slightly from his proposed judgment. As in his proposed judgment, he classified the funds in the Great Western savings account as marital and one of the parcels of real estate as marital. Unlike in his proposed judgment, he classified Wife's retirement account as all marital and the other parcel of real estate as his separate property. Husband did not list any marital interest in the parties' residence in his property statement.

valued, classified, and divided. That Husband may now have second thoughts or misgivings about what he specifically asked the court to do in his proposed judgment does not entitle him to a "do-over." We will not fault the circuit court for valuing and classifying the property in the manner that Husband requested. *Workman v. Workman,* 293 S.W.3d 89, 101 (Mo.App.2009). Error, if any, in the court's treatment of these assets was "invited error." *Id.* Husband cannot rely upon invited error on appeal. *Id.*; *McFall,* 271 S.W.3d at 26. We deny Husband's second, third, fourth, fifth, and sixth points.

We, therefore, affirm the circuit court's judgment.

All concur.