Melissa Lucille QUILTY, Respondent,

v.

Carl David FISCHER, Appellant.

No. WD 74980.

Missouri Court of Appeals,
Western District.

March 5, 2013.

Michael M. Spiegel, Blue Springs, MO, for respondent.

Mary Ann Drape, Kansas City, MO, for appellant.

Before Division Three: CYNTHIA L. MARTIN, Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Carl David Fischer ("Fischer") appeals from a final judgment of the Circuit Court of Jackson County in a dissolution of marriage action. The only issue before this court is the division of property. Fischer argues that the trial court erred in considering the oral testimony of his former wife Melissa Quilty ("Quilty") as to the existence and value of certain "shop tools" that were awarded to Fischer. Fischer further contends that the trial court erred in that the division of property was not an equal division. We affirm.

## Factual Background

The parties were married in 2006. On August 15, 2011, Quilty filed an action for dissolution of marriage from Fischer. In its judgment, the trial court dissolved the marriage and divided the marital property. As part of the division of marital property, the court ordered Fischer to pay an equalization payment to Quilty in the amount of $28,000. The court based this payment on evidence that (1) the total value of the marital estate was $90,000, (2) Fischer was receiving $73,500 in net assets, and (3) Quilty was receiving $16,500 in net assets. In its order, the court noted that "a payment is necessary to make an equitable, if not perfectly equal, division of the marital property."

The size of the equalization payment was primarily attributable to a $50,000 value placed on certain "shop tools" that were categorized as marital property and awarded to Fischer. Quilty was provided with Fischer's discovery responses only a few days before trial, and that is when she discovered the shop tools were missing from his list of assets.[1] Quilty testified that Fischer ran a business called "Carl's Customs" and that he owned shop tools valued "somewhere in the neighborhood of $50,000." Quilty also testified that Fischer owned some of the tools before the marriage. Quilty's Exhibit 5, which listed shop tools with a value of $50,000 as a marital asset, was received into evidence

---

1. The record establishes that Fischer was delinquent in providing discovery responses, which resulted in the trial court having to issue an order to enforce discovery.

without objection. Fischer did not offer any testimony or evidence in any fashion regarding the existence or value of the shop tools.

Fischer raises two issues on appeal. First, Fischer contends that the trial court erred when it included $50,000 in shop tools in the division of marital property. He asserts that the finding of the existence of $50,000 in shop tools and their classification as marital property were against the weight of the evidence. Second, Fischer argues that when dividing the marital property, the trial court erred in not considering his Exhibit 52, a properly admitted list of marital property.

Further facts are set forth as necessary in the analysis below.

## Standard of Review

When reviewing a judgment of dissolution of marriage, we will affirm the judgment of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Green v. Green*, 341 S.W.3d 893, 894 (Mo.App. W.D.2011) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "To preserve an alleged error in admitting evidence for appellate review, a party must make a timely and valid objection and receive an adverse ruling thereon." *Swartz v. Gale Webb Transp. Co.*, 215 S.W.3d 127, 133 (Mo. banc 2007). In the absence of a timely objection, we may review for plain errors affecting substantial rights resulting in a "manifest injustice or miscarriage of justice." Rule 84.13(a), (c) [2]; *Smith v. White*, 114 S.W.3d 407, 412 (Mo.App. W.D.2003).

All evidence and permissible inferences therefrom are viewed in the light most favorable to the trial court's judgment and we disregard all evidence to the contrary, even if the evidence could support a different conclusion. *Sweet v. Sweet*, 154 S.W.3d 499, 503–04 (Mo.App. W.D.2005). Furthermore, we defer to the trial court for all credibility determinations and "assume all factual issues were resolved in favor of the judgment entered." *Barth v. Barth*, 372 S.W.3d 496, 503 (Mo.App. W.D. 2012) (citation omitted).

We review the trial court's division of property for abuse of discretion. *Id.* An abuse of discretion is only found where the award is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration ..." *Id.* (quoting *Sweet*, 154 S.W.3d at 504).

## Analysis

### I.

In his first point, Fischer contends that the trial court erred when it included "$50,000 in shop tools" in the division of marital property. Specifically, Fischer argues that the finding of the existence of $50,000 in shop tools and their classification as marital property were against the weight of the evidence. Although he made no objection to Quilty's testimony or the admission of Quilty's Exhibit 5 into evidence, Fischer claims on appeal that the "shop tools" in question do not exist and that Quilty's testimony and the inclusion of the tools on her Exhibit 5 were insufficient evidence to prove their existence, value, or classification as marital property.

The trial court has broad discretion in the valuation and classification of property as marital or non-marital. *Foster v. Foster*, 149 S.W.3d 575, 581 (Mo.App. W.D. 2004); *Torrey v. Torrey*, 333 S.W.3d 34, 36 (Mo.App. W.D.2010). The first question is

**2.** All rule references are to Missouri Court Rules (2012) unless otherwise indicated.

whether there was sufficient evidence to establish the existence of the tools.

Evidence of the existence of the shop tools and their valuation at $50,000 is listed in Quilty's Exhibit 5 and from her testimony:

Q. And he has a significant amount of shop tools; is that correct?

A. Yes

Q. You believe the value of those shop tools to be somewhere in the neighborhood of $50,000?

A. Yes

On cross-examination Quilty was only asked: "A lot of his tools he had before the marriage?" Quilty's response was "he had some." As noted above, Fischer did not testify or offer any evidence regarding the tools. He never contested the existence or value of the tools. In short, he made no mention of the shop tools at all.

Because the trial court is always free to accept or reject, all, part, or none of the witnesses' testimony, there was no error on the part of the trial court in believing Quilty's uncontroverted and unobjected to testimony and the exhibit as to the existence, status as marital property and value of the shop tools. *See Tadych v. Horner,* 336 S.W.3d 174, 177 (Mo.App. W.D.2011). Because Fischer failed to object to both Quilty's testimony and the trial court's admission of Exhibit 5, he has failed to preserve the issue for appellate review. *Swartz,* 215 S.W.3d at 133. We see no error.

 Next, Fischer suggests that in the absence of pictures or an itemized list of the shop tools, there was insufficient evidence for the trial court to have valued the tools. The trial court accepted Quilty's valuation of the tools at $50,000, as she testified to and as her Exhibit 5 listed. While it is true that a trial court may not enter a valuation of marital property not supported by evidence at trial, the court nonetheless enjoys broad discretion in valuing marital property. *Foster,* 149 S.W.3d at 581. In Missouri, it is a general rule that "the owner of property is competent to testify as to its value." *Farley v. Farley,* 51 S.W.3d 159, 164 (Mo.App. S.D. 2001). In this case, Quilty testified at trial—without objection—that the value of the tools was "in the neighborhood of $50,000." Fischer had an opportunity at trial to challenge the $50,000 value placed on the tools during cross-examination or by his own testimony or that of other witnesses during his case in chief. The trial court's valuation of the shop tools at $50,000 was based on Quilty's competent and uncontroverted exhibit and testimony. Therefore, the trial court's valuation of the shop tools at $50,000 was not an abuse of discretion.

 Finally, Fischer argues that there was insufficient evidence to classify the tools as marital property. When determining whether property is marital or non-marital, courts consider whether the property was acquired before or after the marriage. *Glenn v. Glenn,* 930 S.W.2d 519, 523 (Mo.App. W.D.1996). If acquired after, it is generally considered marital property. *Id.* The party claiming that the property in question is non-marital has the burden of proving his contention by clear and convincing evidence. *Kelly v. Kelly,* 340 S.W.3d 673, 679 (Mo.App. W.D.2011) (internal citation and quotation marks omitted). The record shows that Quilty testified—without objection—that all but "some" of the tools were acquired after the marriage. Fischer did not testify or produce any evidence relating to the tools or the time of their acquisition. As a result, Fischer fell far short of his burden of proving by clear and convincing evidence that any portion of the tools were non-marital or of proving the value of the tools

he claimed were non-marital. The trial court's conclusion that all of the tools should be considered marital property is not against the weight of the evidence.

Having examined the record before us, we have concluded that there was sufficient evidence upon which the trial court could have determined the existence, value, and classification of the property disposed of in the judgment. There was no error, plain or otherwise.

This point is denied.

## II.

■ In his second point, Fischer contends that the trial court erred in failing to consider his Exhibit 52, a list of marital property that was admitted into evidence. He argues that in disregarding his list of marital property—which only listed items he claimed were in Quilty's possession—the court created an inequitable distribution that produced a $2,000 to $3,000 swing in the overall distribution of the marital assets. However, in his one-paragraph argument, Fischer points to nothing in the record indicating that the trial court did not consider all of the evidence presented. Instead, without support, Fischer complains that a failure to include the property listed in his Exhibit 52 in the trial court's worksheet produced an inequitable distribution.

Fischer's argument in his second point is deficient in two respects. First, Fischer failed to include any reference to the standard of appellate review as required by Rule 84.04(e). The rule states that "[t]he argument shall also include a concise statement of the applicable standard of review for each claim of error." While it is easy enough for this Court to determine the applicable standard of review, this Court should not be burdened with the duty of supplementing a deficient brief with its own research. *Waller v. Shippey,* 251

S.W.3d 403, 406 (Mo.App. W.D.2008). Second, Rule 84.04(e) requires the appellant to explain why, in the context of the case, the law supports the claim of reversible error. *Washington v. Blackburn,* 286 S.W.3d 818, 821 (Mo.App. E.D.2009). "An argument should show how principles of law and the facts of the case interact." *Snyder v. Snyder,* 142 S.W.3d 780, 783 (Mo.App. E.D. 2004). Fischer's (argument) contains only bare conclusions with no legal authority set forth to support his arguments. It is not the role of the appellate court to supplement Appellant's brief with legal support or to comb the argument portions of his brief to interpret the thrust of counsel's contentions. *Id.* To do so would put the appellate court in the role of advocate, a function that is reserved for party's counsel. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). "Because of its substantial failure to comply with Rule 84.04, Husband's brief is inadequate to invoke the jurisdiction of this court and preserves nothing for appeal." *Snyder,* 142 S.W.3d at 783.

■ Were we to address the question presented on the merits *ex gratia,* Fischer would still not be entitled to relief. Because the trial court is always free to accept or reject, all, part, or none of the witnesses' testimony, there was no error on the part of the trial court in believing or not believing Fischer's testimony and exhibit as to the existence, status and value of the property listed in his Exhibit 52. *Tadych v. Horner,* 336 S.W.3d 174, 177 (Mo.App. W.D.2011). It is presumed that the trial court considered all of the relevant credible evidence in dividing the marital property. *Monsees v. Monsees,* 908 S.W.2d 812, 815 (Mo.App. W.D.1995). Further, under our standard of review, we disregard any evidence that is contrary to the trial court's judgment. *Sweet,* 154 S.W.3d at 503–04. Here, the court verbal-

ly acknowledged and addressed some of the property listed in Exhibit 52 following the close of evidence at trial. Because there was extensive testimony in the record for the trial court to value the property in Exhibit 52, it is presumed the trial court considered it when dividing the marital property and when calculating the equalization payment.

This point is denied.

## Conclusion

For the reasons set forth above, the judgment of the trial court is affirmed.

All concur.